ADDA HOVATTER, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO., Appellant.

Kansas City Court of Appeals, April 21, 1913.

1. NEGLIGENCE: Street Crossing: Flagman: Contributory Negligence. A woman, driving a gentle horse hitched to a buggy, approached a street crossing in which were railroad tracks on either side and a clear space in the center. A flagman was kept there and bars were down when a train was approaching and up, when not. Plaintiff approached to within a few feet of the west tracks and though the bars were up, a standing freight train barred the way on the east side. She stopped and then when the train started the flagman beckoned her forward. She drove over the first tracks to the clear space and as the train was not yet out of the way she stopped. She looked in both directions. The train now fully out of the way, the flagman beckoned her to proceed. She did so and as her horse was about stepping on the track she discovered a switch engine following the freight train would strike him. She pulled him back and he, taking fright at the engine, whirled round and threw plaintiff out, whereby she suffered injury. Held, that she was not guilty of contributory negligence as a matter of law.

2. ———: ———: Flagman: Traveller: Degree of Care. While the presence of a flagman will not justify one in recklessly going into danger at a crossing, yet it has the effect of exacting a less degree of care on the part of the traveller than would be required if there was no flagman.

Appeal from Buchanan Circuit Court.—Hon. W. K. Amick, Judge.

AFFIRMED.

John E. Dolman for appellant.

(1) By attempting to drive upon defendant's track without looking for its switch engine plaintiff assumed the risk of her horse taking fright. Phelan v. Paving Co., 227 Mo. 666. (2) Plaintiff was standing in a place of perfect safety, at least twenty

feet from the defendant's track. It was her duty to
look before starting to leave a position of safety, and
continue on the alert; she had but to turn her face
northward to see the approaching engine, not over fifty
feet away, and was guilty of contributory negligence
as a matter of law, according to her own evidence,
for not doing so. Gumm v. Railroad, 141 Mo. App.
306-314; Newton v. Railroad, 152 Mo. App. 167-172;
Moore v. Railroad, 176 Mo. 528-544; Lann v. Railroad,
216 Mo. 563; Paul v. Railroad, 152 Mo. App. 577; Paul
v. Railroad, 160 Mo. App. 599; Horstein v. Railroad,
195 Mo. 440; Giardina v. Railroad, 185 Mo. 330; Haf-
ner v. Railroad, 197 Mo. 196; Stotler v. Railroad, 204
Mo. 619; Green v. Railroad, 192 Mo. 131.

*Frank H. Miller* and *Robert C. Bell* for respond-
ent.

The rule, in regard to the duty of persons attempt-
·ing to cross a railroad track at a public crossing, to
look and listen for trains is modified, when the cross-
ing is guarded by a flagman, so as to allow the person
to rely in some measure upon the flagman. McNa-
mara v. Railroad, 126 Mo. App. 152; Montgomery v.
Railroad, 181 Mo. 477; Edwards v. Railroad, 94 Mo.
App. 36; Jennings v. Railroad, 112 Mo. 268; Dickson
v. Railroad, 104 Mo. 491; Wilkins v. Railroad, 101
Mo. 93; Railroad v. Sights, 121 Ky. 203, 89 S. W. 132;
Evans v. Railroad, 88 Mich. 442, 50 N. W. 386, 14
L. R. A. 223; Woehrle v. Railroad, 82 Minn. 165, 84 N.
W. 791, 52 L. R. A. 348; 33 Cyc. 946 (II), also 1028
(II); Pennsylvania Co. v. Stegmeier, 20 N. E. 843;
Railroad v. Eckman, 125 S. W. 729; Central Trust Co.
v. Railroad, 27 Fed. 159; Railroad v. Hutchinson, 120
Ill. 587, 11 N. E. 855.

ELLISON, J.—Plaintiff's action is for personal
injuries received by reason of being thrown from a
buggy, caused by the sudden turning of the horse

which had been frightened by one of defendant's switch engines. At the close of the evidence the court sustained a demurrer thereto and plaintiff took a nonsuit with leave. Afterwards the court set aside the nonsuit and granted a new trial for error in holding that plaintiff was guilty of contributory negligence as a matter of law. Defendant appealed from that order.

The sole question is, did the evidence in plaintiff's behalf make a question for the jury?—that is to say, did the evidence show as a matter of law that plaintiff was guilty of contributory negligence?

Plaintiff was in her top buggy driving a gentle horse eastwardly on Hickory street in St. Joseph, towards where it intersects with Seventh and Eighth streets, which run north and south. There are several railroad tracks of the Burlington Railway on the west side of Seventh street and two of defendant's tracks on the east side, leaving a clear space between of about fifty-five feet. This is a much travelled crossing and there is therefore maintained there by defendant and other railway companies, gates or bars and a flagman. The bars close when trains are approaching and hold travelers until danger has passed when they raise. When plaintiff approached the bars were up, but she saw one of defendant's freight trains standing on the east side on one of its tracks. Knowing she could not go clear over, on account of this train, she stopped before reaching the Burlington tracks. Then the signal for starting was given from the engine of the standing train and it started up. Then the flagman signaled or beckoned to plaintiff to cross. She drove over the Burlington tracks into the clear space in the street, mentioned above, and the train not being yet entirely out of the way she stopped a moment a few feet from defendant's track. When the way was clear she looked at the flagman and he again signaled for her to cross. She started to do so

and as her horse was about to step on the track she saw one of defendant's switch engines, following about thirty feet behind the train, was nearly upon her, when she jerked the horse back. The engine passed and the horse whirled round in fright and she was thrown out and suffered her injury. While in this open space she looked north and south and did not see any cars except the train which was moving by. Plaintiff was asked if she looked "just as she started," and she said "not the last time," for the reason that she had looked and listened and at the moment of starting she kept looking towards the flagman who had everything in view.

Manifestly it was error to declare plaintiff guilty of contributory negligence as a matter of law, and the final conclusion of the court was right in ordering a new trial.

It was said by the Supreme Court that the object in having a watchman is to prevent travelers from going onto the tracks when trains or engines are approaching. [Dickson v. Railroad, 104 Mo. 491, 500; Jennings v. Railroad, 112 Mo. 268, 274, 277.] In Edwards v. C. & A. Ry. Co., 94 Mo. App. 36, the St. Louis Court of Appeals said that if the watchman beckons or tells a person to cross, "he has a right to act on the invitation, unless the danger is so visible and extreme that a man of ordinary prudence would shrink from it." [2 White Pers. Inj. on Railroads, sec. 943.] It was further stated in that case that while the presence of a flagman did not wholly absolve the traveler from any care whatever for his own safety, nor excuse reckless conduct, yet it naturally exacted a less degree of care. That statement was approved by this court in McNamara v. Railroad, 126 Mo. App. 152.

Authorities in this State cited by defendant do not apply to the facts of this case. The judgment is affirmed. All concur.