## JENNINGS v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN ·RAILWAY COMPANY, *Appellant.*

### Division Two, November 15, 1892.

1. **Practice :** DEMURRER TO EVIDENCE: WAIVER. A defendant by introducing evidence, after his demurrer to plaintiff's evidence is overruled, waives objection to the court's action thereon, and the case must then rest on all the evidence taken together.

2. **Negligence:** RAILROAD: DUTY TO LOOK AND LISTEN. The rule that a person who goes on a railroad track or purposes crossing it must use his eyes and his ears to avoid injury, and that if he neglects to do so and is injured he cannot recover, notwithstanding the negligence of the company, is not of universal application, but has exceptions under exceptional circumstances.

3. —————: —————: —————. The facts of this · case *held* to create an exception to the rule.

4. **Railroad:** TRAVELER: STREET: PRESUMPTION. A traveler has an equal right with a railroad company to the use of a public street, and also the right to 'presume that the company will discharge its duties and obey the laws and ordinances of the city regulating the management of trains.

*Appeal from St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*H. S. Priest* and *H. G. Herbel* for appellant.

(1) The court erred in overruling defendant's demurrer to plaintiff's evidence. *Tucker v. Railroad,* 26 N. E. Rep. 916; *Tierney v. Railroad,* 51 N. W. Rep. 176; *Clark v. Railroad,* 50 N. W. Rep. 365; *Rogstadt v. Railroad,* 31 Minn. 208; s. c., 15 Am. & Eng. R. R. Cases, 648; *Scott v. Railroad,* 29 N. E. Rep. 289; *Carson v. Railroad,* 23 Atl. Rep. 369; *Warner v. Railroad,* 21 Atl. Rep. 737; *Blight v. Railroad,* 21 Atl. Rep.

995; *Purl v. Railroad*, 72 Mo. 171; *Harlan v. Railroad,* 64 Mo. 480; *Butts v. Railroad*, 98 Mo. 276; *Boyd v. Railroad*, 105 Mo. 371; *Yancey v. Railroad*, 93 Mo. 433; *Bell v. Railroad*, 86 Mo. 612.. (2) The court erred in giving instruction number 1 at plaintiff's instance. *State v. De Bar*, 58 Mo. 397; *State v. Clark*, 54 Mo. 34; *State v. Binder*, 38 Mo. 453; *State v. Green*, 87 Mo. 583; *State v. McDonald*, 38 Mo. 529; *Rine v. Railroad*, 88 Mo. 398; *Harris v. Railroad*, 40 Mo. App. 264; *Duncan v. Railroad*, 46 Mo. App. 204; *Yancey v. Railroad*, 93 Mo. 433; *Rafferty v. Railroad*, 91 Mo. 37. (3) The court erred in giving instruction number 2 of its own motion. *O'Leary v. Rowan*, 31 Mo. 119; *Barrett v. Tel. Co.*, 42 Mo. App. 549; *State to use v. Blackman*, 51 Mo. 319; *Railroad v. Hurley*, 12 S. W. Rep. 226. (4) The court erred in refusing instructions numbers 4 and 5 asked by defendant. (5) The court erred in modifying defendant's refused instruction number 5, and giving it to the jury, as modified of its own motion. *Worthington v. Railroad*, 23 Atl. Rep. 593; *Barr v. Kansas City*, 16 S. W. Rep. 485; *Wilmott v. Railroad*, 16 S. W. Rep. 502; *Zimmerman v. Railroad*, 76 Mo. 490; *Carson v. Railroad*, 23 Atl. Rep. 369. (6) The court erred in overruling defendant's motion for a new trial because the verdict is against the evidence and contrary to the instructions of the court. *Tierney v. Railroad*, 51 N. W. Rep. 177; *Boyd v. Railroad*, 105 Mo. 381; *Rogstadt v. Railroad, supra; Taylor v. Railroad*, 86 Mo. 463.

*Kehr & Tittman* for respondent.

(1) Running the train in violation of the ordinances was negligence *per se*. *Karle v. Railroad*, 55 Mo. 476; *Norton v. Ittner*, 56 Mo. 351; *Maher v. Railroad*, 64 Mo. 267; *Bowman v. Railroad* 85 Mo. 533;

*Bergman v. Railroad*, 88 Mo. 682; *Keim v. Ry. & Trans. Co.*, 90 Mo. 314; *Eswin v. Railroad*, 96 Mo. 290; *Schlereth v. Railroad*, 96 Mo. 509; *Grube v. Railroad*, 98 Mo. 336; *Kellny v. Railroad*, 101 Mo. 67; *Murray v. Railroad*, 101 Mo. 236; *Dahlstrom v. Railroad*, 108 Mo. 525. The ordinances in question have frequently been passed upon by this court, and have always been upheld. *Bergman v. Railroad*, 88 Mo. 678; *Merz v. Railroad*, 88 Mo. 672; *Donahue v. Railroad*, 91 Mo. 357; *Dunkman v. Railroad*, 95 Mo. 232; *Kelley v. Railroad*, 95 Mo. 279; *Dickson v. Railroad*, 104 Mo. 491; *Bluedorn v. Railroad*, 108 Mo. 439; *Dahlstrom v. Railroad*, 108 Mo. 525; *Fath v. Railroad*, 105 Mo. 537. (2)   A railroad company, operating dangerous machinery on and along the public streets of the city, must know, and in law is bound to know, that men, women and children have an equal right to the use of the highway and will be upon it. It is the duty of their servants to be on the lookout, and to take all reasonable measures to avoid injury to persons on the streets. *Winter v. Railroad*, 99 Mo. 509; *Williams v. Railroad*, 96 Mo. 281; *Guenther v. Railroad*, 95 Mo. 286; *Hilz v. Railroad*, 101 Mo. 36; *Murray v. Railroad*, 101 Mo. 236; *Gurley v. Railroad*, 104 Mo. 211; *Hicks v. Railroad*, 64 Mo. 430; *Kelly v. Railroad*, 75 Mo. 138; *Frick v. Railroad*, 75 Mo. 595; *Donahue v. Railroad*, 83 Mo. 555. (3)  Appellant complains that its demurrer to the evidence at the close of the plaintiff's case was overruled. *First.* By going on with the case and putting in its own evidence, it waived its demurrer. *Bowen v. Railroad*, 95 Mo. 268; *Guenther v. Railroad*, 95 Mo. 286; *Eswin v. Railroad*, 96 Mo. 290; *Hilz v. Railroad*, 101 Mo. 36. *Second.* The former decision in this case establishes that the demurrer was properly overruled. *Jennings v. Railroad*, 99 Mo. 394. (4) There is no contributory negligence in the case.

*First.* Plaintiff was upon an improved public street of the city, where he had a right to be, and where it was the defendant's duty to keep watch to avoid injury to him. *Bluedorn v. Railroad,* 108 Mo. 439, and cases cited under last proposition of point 1. *Second.* Plaintiff had a right to presume that the railroad company would obey the ordinances, and if it intended to back the train over a public street would observe the precautions provided for his safety. *Johnson v. Railroad,* 77 Mo. 546; *Petty v. Railroad,* 88 Mo. 306; Beach on Contributory Negligence [2 Ed.] secs. 67, 451; *Eswin v. Railroad,* 96 Mo. 290; *Kellny v. Railroad,* 101 Mo. 67. *Third.* There was no contributory negligence on the part of the plaintiff. Before crossing he looked up and down the tracks and looked up Lesperance street and found it clear. The long train of stationary cars on track 1 west concealed from view what was going on west of it, and there was no gate barrier, watchman or warning of any kind to indicate a moving train or the purpose to move one west of the stationary train. Plaintiff exercised the full measure of care incumbent upon him under the circumstances. *Petty v. Railroad,* 88 Mo. 306; *Drain v. Railroad,* 36 Mo. 574; *Wilkins v. Railroad,* 101 Mo. 93; *Kenny v. Railroad,* 105 Mo. 286; *Dickson v. Railroad,* 104 Mo. 491. *Fourth.* If any portion of the testimony can be construed to indicate contributory negligence the existence of such negligence is a question of fact. The issue was put to the jury very pointedly in the instructions given at the instance of defendant (instructions 3 and 6) and was found for the plaintiff. The jury, therefore, found that there was no contributory negligence. *Dickson v. Railroad,* 104 Mo. 491; *Kenny v. Railroad,* 105 Mo. 286; *Barr v. City of Kansas,* 105 Mo. 550; *Brown v. Railroad,* 99 Mo. 310.

MACFARLANE, J.—This an action for damages on account of personal injuries received by plaintiff by reason of the negligence of defendant as it is alleged. Defendant operates a railroad which runs into the city of St. Louis. Its double main track runs along Main street north and south near the river. It maintains and operates, in its business, about thirty sidetracks, parallel to these main tracks, seven of which are on the west side of the two main tracks and the rest on the east side. Lesperance street extends east and west across these tracks, which were known as the Lesperance street yards. This was an improved street and much traveled. The blocks of ground lying east of this yard and between it and the river, and adjacent to Lesperance street, were used by defendant as a depot of lumber.

Defendant was charged with negligence in failing to observe certain ordinances of the city of St. Louis regulating the movement of trains therein. These ordinances required defendant to maintain a gate on both sides of its track on Lesperance street; to place a watchman at said street to keep persons off the track when trains were passing, and to display at the crossing in the daytime a red flag; to constantly sound the bell of the engine when moving any car or locomotive propelled by steam; to station a man on the top of the car at the end of the train furthest from the engine to give danger signals, and when moving a freight train to have it well manned with experienced brakemen at their posts, who shall be stationed so as to see the danger signals and hear the signals from the engine. The answer was a general denial and a plea of contributory negligence.

On the trial these ordinances were read without objection and the evidence offered by plaintiff showed, without contradiction, that Berthold & Jennings

were lumber dealers, in St. Louis, and plaintiff was, and for many years had been, in their employ as a buyer and seller of lumber. His business called him daily, sometimes several times a day, over this street, through the yard to this lumber depot. On the morning of his injury, May 12, 1885, he had been to this depot, and between nine and ten o'clock started west on Lesperance street. When he reached a point about the east side of Main street, he stopped to speak to some friends he met there. He was then about twenty feet east of the main track of the road. Looking north he saw the express train coming south. He then walked west across Main street. A train of stationary cars was on the first sidetrack west of the main track on the south side of Lesperance street and extending partly into the street. Plaintiff before passing these cars looked west along the street he was traveling and saw it was open, he could not see south on the second sidetrack on account of the cars standing on the first. He looked in that direction, however, saw no one on top of any cars, and heard no engine bell ringing, though he saw the smoke from an engine. He crossed over the first track upon which the cars were standing, and while looking north at the approaching train on the main track stepped upon the next sidetrack without again looking south, and was immediately struck, knocked down and run over by some freight cars, five in number, which had been "kicked" by an engine from a point from three hundred to four hundred feet south of Lesperance street. Plaintiff could have seen these cars if he had looked before stepping onto the track. He was familiar with the yards and the manner of switching trains and cars thereon. No brakeman was on top of these cars when they were "kicked," but one immediately climbed upon them, upon seeing plaintiff's

Vol. 112—18

danger, and attempted to stop them but he did not succeed in doing so until plaintiff had been struck.

The evidence of defendant was to the effect that the injury occurred on the third track, and that the second was clear of obstructions, and a space of twenty feet intervened between the stationary cars on the first track and the track upon which the detached cars were approaching.

Two flagmen were kept by defendant on the Lesperance street crossing, Murphy on the east side of the main track, and Alexander on the west side. On this occasion, at the time of the accident, Alexander was flagging teams that were approaching the main track from the east, and no flagman was watching the switching west of the main track where plaintiff was injured. As plaintiff walked from the main track west, he met flagman Alexander between these and the second sidetrack, but no warning was given.

Upon the evidence and instructions the verdict and judgment were for plaintiff and defendant appealed.

I. At the close of the evidence offered by plaintiff in chief, defendant asked an instruction that under the pleadings and evidence the verdict should be for the defendant; this request was denied, and that ruling of the court is the first error assigned.

Defendant did not rest its case upon the evidence of plaintiff, but, after its instruction had been refused, proceeded to introduce evidence in support of its defense. It is well settled in such cases that defendant waived the objection by introducing its own evidence, and the case must thereafter stand or fall upon the evidence considered as a whole. *Hilz v. Railroad,* 101 Mo. 42; *McPherson v. Railroad,* 97 Mo. 253; *Bowen v. Railroad,* 95 Mo. 276.

II. This is the second appeal of defendant in this case. The result of the first is reported in 99 Mo. 396.

The evidence on the second trial was substantially the same as upon the first.    The case was retried and submitted to a jury upon instructions approved by the court on the first appeal, and thus far there was no error committed.

III.    Defendant asked two instructions to the effect that under the pleadings and the evidence the verdict should have been for the defendant, and its chief contention here is that the evidence shows conclusively such contributory negligence on the part of plaintiff as precludes a recovery, and that the judgment should, therefore, be reversed.    This we consider the only open question in the case.

The contention is that it was plaintiff's duty in passing along Lesperance street, over the tracks of defendant, to keep a vigilant look-out up and down each track for moving trains and cars before venturing on it, and, if by looking he could have seen the detached cars moving over the track towards him, in time to have avoided being struck by them, and failed to do so, then he was guilty of contributory negligence.    Plaintiff, in his testimony, admitted that if he had looked down the track south, after he had passed the stationary cars on the next track, he could have seen the moving cars before he put his foot upon the track, and admitted further that he did not look that way after passing the stationary cars.    So, if defendant correctly states the duty of plaintiff, in the circumstances, his conclusion of law is correct.    Was plaintiff then, as a matter of law, guilty of negligence in not looking down this track before starting across it?    Observations of the acts of the average prudent man, and common knowledge and experience have led the courts to adopt, as a rule of conduct, that "a person who goes on a railroad track, or proposes to cross it, must use his eyes and ears to avoid injury."    *Harlan v. Railroad*, 64 Mo. 480; *Lenix*

*v. Railroad*, 76 Mo. 91; *Butts v. Railroad*, 98 Mo. 276; *Yancey v. Railroad*, 93 Mo. 433. These cases also hold that the rule is applied "notwithstanding the negligence of defendant in the operation and management of its trains." Many cases might be cited from other courts to the same effect.

Such a general rule of conduct must have grown out of experiences and observations that were common and ordinary; hence the rule, like most others, is not of universal application, but has exceptions under exceptional circumstances. As in *Petty v. Railroad*, 88 Mo. 308, the whistle was sounded forty, instead of eighty, rods from a crossing, it was held not negligent in law for one to proceed over the track, if he could have done so safely, had the train been in fact eighty rods away. In *Bluedorn v. Railroad*, 108 Mo. 449, the court says: "Where, as here, there is a flagrant violation of a law or municipal regulation, resulting in an injury, contributory negligence should be clearly made out, before the court relieves the defendant from liability on that ground." See also *Kellny v. Railroad*, 101 Mo. 76.

The circumstances in this case, we think, call for an exception to the rule. Plaintiff was not a trespasser, but had a right, equal to that of defendant, to the use of the street. Plaintiff also had the right to presume that defendant would discharge its duties and obey the laws and ordinances of the city, regulating its management of trains. *Eswin v. Railroad*, 96 Mo. 296; *Kellny v. Railroad, supra;* Beach on Contributory Negligence.

Now considering the evidence as bearing upon the conduct of plaintiff: He was walking west on Lesperance street. Before passing the stationary cars, on the first track, west of the main tracks, by which the view

of the next track was obstructed, he looked to the south for brakemen on top of the cars, which, if the ordinance was observed, would have been a warning to him of moving cars, but, as no one was seen, he could fairly assume that no cars were in motion.  The smoke from an engine was observed, but no bell was heard, and he had the right to suppose that the engine was stationary, and that no cars were being moved by it.  The flagman who watched the main tracks, and the yard track, on the west side, and whose duty it was to warn persons using the street of danger from moving cars and trains, left the very locality of the track upon which the switching was being done, and met plaintiff between the place at which he was almost immediately struck and the main track, within twenty feet of the place of the collision, and within a few seconds of the time of the accident, and gave him no information or word of warning with reference to the movement of cars south of the street.

Under these circumstances we could not say, as a matter of law, that a man of ordinary prudence, after these precautions had been taken, might not venture upon a track within a distance of ten or twenty feet without again using his eyes and ears to learn if there was danger.  We think that the question of contributory negligence, under the evidence, was one for a jury, and that the instructions asked were properly refused. Judgment affirmed.  All concur.