JOSEPH MOFFETT, Claimant, *v.* THE STATE OF NEW YORK, Defendant.

. (Claim No. 17656.)

Court of Claims, October 20, 1926.

State — claim against State for damages caused to claimant's automobile when it was deflected from its course by hole in highway — State took charge of highway in 1923 and commenced repairs as early as possible in spring — accident occurred May 31, 1923, on part of road which had not then been repaired — no evidence of negligence on part of State is shown — claimant was familiar with highway and accident occurred in day time — claimant was guilty of contributory negligence in driving down hill at fifteen to twenty miles per hour.

In an action against the State to recover damage caused to claimant's automobile when it was deflected from its course by a hole in the State highway and turned over, the evidence does not establish negligence on the part of the State, since it appears that the State took over the road in question in 1923 and early in the spring of that year it began repairs with an adequate force of men; that the accident occurred on the 31st day of May, 1923; and that at that time the repairs on the road in question had been completed with the exception of the few hundred feet at the point where the accident occurred. The evidence shows that the State proceeded with due diligence to make necessary repairs.

Furthermore, the plaintiff was guilty of contributory negligence, since it appears that the accident occurred in the day time; that he was very familiar with the road and knew of its bad condition; and that the accident occurred while he was driving down hill at fifteen to twenty miles an hour. Under the circumstances attending the accident, it was the duty of the claimant to use more than ordinary care to avoid the accident.

MOTION to dismiss claim for damages to claimant's automobile, alleged to have been caused by defects in a State highway, made on the ground that the claimant has failed to establish negligence on the part of the State and his own freedom from contributory negligence.

*Henry P. Nevins,* for the claimant.

*Frederick D. Colson, Deputy Attorney-General,* for the defendant.

ACKERSON, P. J.    The claimant herein lives in the city of Olean, N. Y.    He alleges and has established the fact, by proof upon the trial, that while driving his automobile over a State highway from Olean to Salamanca, on the 31st day of May, 1923, he ran into some holes or depressions in that part of said highway which lies in the town of Allegany in the county of Cattaraugus and by reason thereof his automobile was deflected from its course and caused to leave the road and run into the guard rail by the side of the

road and turn over whereby it was damaged to the extent of about $500.

It appears from the evidence that this highway was at that time and had been at least during the year 1923 under the control, supervision and management of the State of New York under a system for its maintenance, which is commonly alluded to as the " patrol system." That particular phraseology had been eliminated from the law but the State Superintendent of Highways had supervision of the road, through an agent commonly known as a " patrolman " who had charge of the repairs made on the road as they became necessary.

The road was constructed by the State of second class concrete in 1911 or 1912 but whether the State had ever adopted any system of maintenance for this road pursuant to the Highway Law prior to the year 1923 or not, the evidence does not disclose. A section of this road about four and one-half miles in length, including the place where the accident happened, was in bad condition in the spring of 1923. The concrete of which it was constructed had raveled, crumbled or disintegrated and this portion of the road was full of holes. It was some of these holes that the claimant contends caused the accident above described on the morning of May 31, 1923, and as a result of which claimant was damaged in the sum of about $500, which he now asks the State to pay. At the close of the claimant's case on the trial, and again at the conclusion of all the testimony, the learned Deputy Attorney-General in charge of the case for the State moved to dismiss the claim on the ground that claimant had failed to prove facts sufficient to constitute a cause of action against the State in two particulars: *First.* That the claimant had not established that his accident and its resulting damage were caused by any negligence on the part of the State. *Second.* That the claimant had failed to establish that he was free from contributory negligence.

Decision of these motions was reserved at the time and they will now be passed upon. It is the unquestioned law of this State that before the claimant can recover here he must not only establish, to the satisfaction of the court, that the State was guilty of negligence in the premises but in addition to that he must affirmatively establish as a part of his case that he was free from negligence.

It is undisputed upon the evidence in the case that as soon as the weather permitted in the spring of 1923 the State commenced the work of repairing this highway in question. The work was commenced by one patrolman and five or six men early in the spring and a little later on another gang was added to that of about

the same number of men.  These men had been working continuously on the road up to the time of the accident at which time the repairs had all been completed except in a few hundred feet of road where the accident took place.  It appears, therefore, that the State had proceeded with due diligence to make the necessary repairs on this highway.  It cannot be considered negligent because it did not employ enough men to repair all its highways in a few days or weeks after the season opened.  That would be impossible and impracticable.  Mr. Justice VAN KIRK, in speaking on this subject, well says in the case of *Belair* v. *State* (212 App. Div. 206): " There is no sense of justice or right in selecting one hole in a highway, the surface of which is broken for several miles, and conclude that, because within a specified time, he had not repaired this particular hole, he is guilty of negligence.  In order to reach this conclusion it is necessary to conclude that he must have employed so many men on this particular piece of highway, out of the hundreds of miles of highway under his care in the State, to make immediate repairs of every defect.  To me this is an absurd conclusion and requires the Commissioner of Highways and the State to be insurers against accidents due to defects in highways immediately after it has adopted a system of constant observation.  I think the trier of the facts was not justified by the evidence in finding that the existence of the defect on the day of the accident was due to the negligence of the Commissioner of Highways, or of those whom he had directed to repair this highway."

This reasoning applies to this case with great force, and following the law as there laid down we must conclude that in the case before us the State cannot be held to have been guilty of negligence because it had not repaired this particular portion of the highway prior to the date of the accident.  The State had accepted the responsibility to maintain this road in 1923.  As soon thereafter as it was feasible the repairs had been commenced and the work was being carried on diligently and with an adequate force of men or at least as adequate as the State could be expected to employ under the circumstances.

The next question in the case is whether or not the claimant has established the fact that he was free from contributory negligence.

It is undisputed that he was intimately acquainted with these defects in this highway.  He had traveled this road twice a day for many years.  It was perfectly light and the accident happened while he was driving down hill at fifteen or twenty miles an hour.  There is nothing in his testimony to indicate that he was using any considerable amount of care as he traveled over these holes.  On the other hand, his own statement that he was going down hill

MATTER OF ENDICOTT. **159**

Misc. 159]    Surrogate's Court, New York County, October, 1926.

at fifteen or twenty miles an hour over such holes as he describes which existed there in that highway, which were in plain view and well known to him, well establishes the fact that he was reckless and guilty of contributory negligence.

He was bound under such circumstances to use more than ordinary care to avoid an accident. (*Walsh* v. *Central N. Y. Tel. & Tel. Co.*, 176 N. Y. 163; *McDonald* v. *Holbrook, Cabot & Daly Co.*, 105 App. Div. 90.) Also under the decision made in the case of *Siegel* v. *Balik* (217 App. Div. 396) by the Appellate Division in the First Department, we must hold that the evidence given by the claimant on the trial as to the manner in which he was proceeding over this highway at the time of the accident is entirely inadequate and insufficient to establish that there was an absence of contributory negligence on his part.

The claimant not having established that the accident in question was due to the negligence of the State and not having established his freedom from contributory negligence in the premises, has failed to prove the preliminary and necessary legal requirements prerequisite to a decision in his favor, and the motions of the State to dismiss the claim herein on those grounds, therefore, must be granted.

PARSONS, J., concurs.