(No. 5723. December 19, 1931.)

J. A. POLLY, Appellant, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, and D. H. SIMPSON, Respondents.

[6 Pac. (2d) 478.]

Wm. M. Morgan and George Donart, for Appellant.

George H. Smith, H. B. Thompson and L. H. Anderson, for Respondent.

GIVENS, J.—Appellant, with three of his children was driving in a Ford truck in an easterly direction across the most easterly of four north and south tracks of respondent railroad in Ontario, Oregon, at about 5 o'clock P. M., September 27, 1929, when the truck was struck by a freight train running from north to south, the truck demolished and appellant seriously injured.

This action is for damages to the truck and appellant's person. A nonsuit was granted on the ground that the evidence showed appellant was guilty of contributory negligence. Appellant contends that his contributory negligence if any, was negatived because of diverted attention.

The accompanying plat, an exhibit in the case, enables us to visualize the situation.

SKETCH
Showing Conditions
at crossing at IDAHO AVE.
ONTARIO
at 5:35 P.M. Sept.27-1929
Scale 1"=50'

As appellant approached from the west, his vision to the north was obscured as to trains approaching on the main or east track, on which the accident occurred, until he had passed east of the second track from the west, on which there were box-cars, some 71 feet from the center of the roadway on which he was traveling east. When he passed this second track, he said he could see to the north for from several hundred to a thousand feet.

Taking appellant's analysis of the distances and relative speeds of the truck and train, we find this: When appellant, by his own statement, had a clear vision to the north, for from several hundred to a thousand feet, he was about 50 feet from the center of the fatal track, traveling at the minimum, or slowest rate fixed by himself, of 12 miles, or 17 feet per second; hence, it took him three seconds to reach the point of encounter. The train approached at a maximum rate, as placed by appellant's own witnesses, of 40 miles an hour, or, as analyzed by his attorney, at 58 feet per second. Thus with three seconds for both truck and train to go to meet, from the time and point when appellant had a clear view in the direction from which the train came, and when he testified he looked, and saw nothing, he was 50 feet at least, from the point of contact, and he said he could stop at the rate of speed he was going, in from 10 to 15 feet. The engine which hit him, was three seconds away, or at 58 feet per second, 174 feet; clearly within his range of vision in the daylight, and no obstruction between, when, according to his own statement, he could have stopped clear of the track on which the accident occurred. Appellant contends, however, that his attention was diverted by exercising care in looking to the right, because he heard escaping steam in that direction, and looked there for a train; that such circumstance excused his failure to see the train approaching from the left. If his attention was thus diverted, there are authorities which support his point of law, that a question of fact was presented for the jury. (*Kirby v. Southern Pac. Co.*, 108 Or. 290, 216 Pac. 735; *Chicago & A. R. Co. v. Pearson*, 184 Ill. 386, 56 N. E. 633; *Newton v. Oregon Short Line. R. Co.*, 43 Utah, 219, 134 Pac. 567; *Davidson v. Lake Shore etc. R.*

*Co.,* 171 Pa. St. 522, 33 Atl. 86; *Butterfield v. Chicago, R. I. & P. R. Co.,* 193 Iowa, 323, 185 N. W. 151; *Deland v. Michigan R. Co.,* 213 Mich. 22, 180 N. W. 389; *Hutchinson v. St. Paul etc. R. Co.,* 32 Minn. 398, 21 N. W. 212; *Jennings v. St. Louis etc. R. Co.,* 112 Mo. 268, 20 S. W. 490, 491.)

Appellant is, however, confronted with a *non sequitur,* for this reason: Appellant's own testimony, and appellant's analysis of the rule applicable, show that his attention was not diverted at a time when he was in a position to see if he looked, and when appellant says he looked, but did not see. As appellant says in his brief, page 20:

"Of course, if after crossing the track (second from west) upon which the box cars were stationed he had again looked sharply and instantly to his left he would have discovered the train."

And this is exactly what appellant says he did.

He testified as follows on direct examination, questioned by his own counsel, and in response to no catch question:

"Q. Now after you had passed the second track and got in position so you could look down the main track, what did you do with respect to looking and listening for the approach of trains?

"A. To the left?

"Q. Yes.

"A. I looked to the left and couldn't see none. I didn't see nothing there and *then I* turned myself, or my attention to the right because I heard that other train down there and on account of the platform and stuff in the way it obstructed my view there." (Italics ours.)

Thus it is apparent that it was after he had looked to the left, with vision unobscured, but had failed to see a locomotive and train, according to appellant's own estimate, on a track some 50 feet from him, and 174 feet north on this track, that his attention was diverted. He had looked, so far as the record shows, to his satisfaction, and was through with his inspection to the north and left before his attention was attracted to the right.

In *Kirby v. Southern Pac. Co.*, 109 Or. 290, 216 Pac. 735, the distraction occurred before the driver had a clear view.

Where a person approaching a railway crossing does not look when he is in a place where he can see if he looks, or looks but does not see, and nothing diverts his attention, he is guilty of contributory negligence. (*Smith v. Oregon Short Line R. Co.*, 47 Ida. 604, 277 Pac. 570; *Testo v. Oregon W. R. & N. Co.*, 34 Ida. 765, 203 Pac. 1065; *Puhr v. Chicago & N. W. R. Co.*, 171 Wis. 154, 14 A. L. R. 1334, 176 N. W. 767; *Cathcart v. Oregon W. R. & N. Co.*, 86 Or. 250, 168 Pac. 308; *Conn v. Oregon Elec. R. Co.*, (Or.) 300 Pac. 342.)

By appellant's own testimony, that was the situation herein, and we need indulge no presumption considered in some cases (*Morenci Southern R. Co. v. Monsour*, 21 Ariz. 148, 185 Pac. 938; *Herbert v. Southern Pac. Co.*, 121 Cal. 227, 55 Pac. 651; *Waking v. Cincinnati, I. & W. R. Co.*, 72 Ind. App. 401, 125 N. E. 799; *Clark v. Union Pac. R. Co.*, 70 Utah, 29, 257 Pac. 1050), because appellant says he looked but did not see, when he said he could have seen, and not at the time he was looking, but afterwards, was his attention diverted.

Judgment affirmed; costs to respondents.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.

Petition for rehearing denied.