(No. 5743.   December 22, 1931.)

L. H. BUTLAND, Respondent, v. CITY OF CALDWELL, Appellant.

[6 Pac. (2d) 493.]

Stewart Maxey and S. Ben Dunlap, for Appellant.

W. A. Stone and H. E. Wallace, for Respondent.

LEE, C. J.—Plaintiff and respondent, L. H. Butland, brought this action against defendant and appellant, City of Caldwell, to recover $10,742 damages for personal injuries, loss of time and expense alleged to have been suffered by him as a result of his fall upon a public, concrete sidewalk in said city, caused by the city's alleged negligence and .carelessness in constructing and maintaining said walk. The issues joined were defective construction, continued maintenance thereof and contributory negligence. Butland was awarded a verdict for $650. Motion for new trial was

denied and, from the incident order and preceding judgment, the city has appealed.

■■ Respondent plaintiff had plead that defendant had "constructed said sidewalk in such a careless and negligent way and manner as to allow a joint in said walk to separate and the edge of one block of said sidewalk, the full width thereof to raise about three inches above the adjoining block of said walk making an abrupt offset of about three inches the width of said walk, which was an obstruction and a nuisance and dangerous to travelers thereon." Appellant moved to strike the clause, "which was an obstruction and a nuisance, and dangerous to travelers thereon," designating it as sham, irrelevant, redundant and a mere conclusion of the pleader. Sham and irrelevant, it obviously was not. Nor was it redundant: any obstruction is a nuisance: not every nuisance however, is an obstruction. Description of the detailed condition of the sidewalk, if true, did not involve a conclusion but a statement of patent fact: there was no error in denying the motion.

■■ The general demurrer interposed by appellant city was properly overruled. It is insisted that the court erred in overruling the special demurrer arraigning the complaint as ambiguous, unintelligible and uncertain. Without specific reference, respondent plead that the walk had been constructed "by virtue of a resolution passed by the city council." His description of the alleged defect has already been detailed. The result of his alleged mishap due to the fall was described as injuries "to one of his limbs," consisting of "the laceration of plaintiff's knee and bruising of plaintiff's knee-cap so as to cause the loss of joint water from his knee etc." From such pleading, appellant claims it was unable to ascertain what particular resolution was adverted to, in what manner plaintiff claimed the walk to have been defectively constructed or which of plaintiff's knees was concerned, all of such knowledge being essential to a proper preparation of its defenses.

That the particular resolution was not indicated, we think immaterial. Appellant was directly charged with having negligently constructed the sidewalk, the condition com-

plained of having been especially set out. Whether or not such construction was in fact regularly authorized does not affect the city's ultimate liability. Nor do we think there could have been any confusion over the condition described as defective. Careful pleading would have required respondent to designate which knee suffered injury but the failure so to do worked appellant no prejudice. At all times, appellant knew that one of the knees, claimed to have been injured in the specified manner, was to figure in the trial. Had that knee been designated, appellant would have been in no better position to investigate than if it had not: the error was trivial.

▮▮ The next specification is more important. As heretofore observed, this action was based upon a defective condition in a sidewalk, claimed to have been by the city negligently created and thereafter negligently maintained. Appellant moved the trial court to require respondent separately to state his causes of action, and notes the refusal as error. It must be borne in mind that the existence of the particular condition was allegedly due to a cause twofold, the creation of a defect through faulty construction and the continued, negligent maintenance of it. The injuries were no more the result of the original construction than they were the result of the city's continued maintenance of that construction. Under the facts, the defect, when originally fashioned, was only potentially dangerous. Without the element of continued maintenance respondent would never have been hurt. So inseparably are the causal elements joined that, to allot to either its distinctive responsibility for the resulting mishap, would be impossible. We think C. S., sec. 6688, applies only to causes which, in and of themselves, operating independently of each other, are responsible for the entire injury, not a part of it. (45 C. J. 1086, notes 35, 36, 37, and 40.)

▮ Appellant complains of Instruction No. 3 wherein the court advised the jury that if appellant knew and by the exercise of reasonable care and diligence could have known of such "nuisance, obstruction or defect etc.," urging that the existence of such defect was thereby assumed and the

jury deprived of considering the issue. Standing alone, the instruction would have been clearly erroneous. But it must be taken together with other instructions on the same subject. Instructions Nos. 4 and 9 carefully and correctly advised the jury in this matter.

Objection is made to Instruction No. 7 which was as follows:

"Previous knowledge of a dangerous place in a sidewalk as alleged in plaintiff's complaint, is not evidence *per se,* or in itself, of contributory negligence on the part of the plaintiff as will preclude a recovery of damages. In other words, if you find from the evidence that there was a defect or dangerous place in the sidewalk as alleged in plaintiff's complaint, his previous knowledge of such defect or dangerous place does not exclude him from recovery in this case."

As a bare statement of law, the instruction was correct. Previous knowledge may in many instances preclude recovery but in just about as many it may not: it all depends on the particular case. Here, respondent admitted previous knowledge, testifying: "I caught my toe—I forgot that that obstruction was there, I was watching up the other way and when I stepped my toe caught and I went over." Temporary forgetfulness, inattention or distraction do not generally constitute contributory negligence. "When a person has exercised the care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances, he is not negligent merely because he temporarily forgot or was inattentive to a known danger." (45 C. J., 950 and authorities cited.) Ordinary care is all that is required. (45 C. J. 947, 949, and authorities cited; *Osier v. Consumers Co.,* 42 Ida. 789, 796, 248 Pac. 438; *Giffen v. City of Lewiston,* 6 Ida. 231, 55 Pac. 545.) However, after advising the jury in Instruction No. 4 that it must find that respondent suffered the injury *"without negligence on his part,"* the court went further and gave Instruction No. 13 as follows:

"The Court instructs the jury that if you find from the evidence that the plaintiff had defective eyesight or was otherwise physically infirm at the time of the alleged injury

as alleged at said time and while using said sidewalk, that it is your duty to determine whether or not plaintiff was using ordinary care at said time and that in determining whether or not plaintiff was using ordinary care at said time, due consideration should be given to his defective eyesight or other infirmity, if any existed, and that it was plaintiff's duty because of said infirmity or defective eyesight, if any, to take more care and employ keener watchfulness in walking upon the said walk to avoid an obstruction or defect than other persons not infirm, in order to reach the standard of ordinary care established by the law for persons alike, whether weak or strong, sound or deficient.'' Appellant could hardly have asked for more.

Objection is made to the court's refusal to give certain instructions. A study of the entire charge satisfies us that all the proffered matter was properly included. There was sufficient evidence to sustain the verdict and, with one exception, the remaining specifications are without merit.

The primary ground of the motion for new trial was that the verdict had been reached by chance. According to affidavits of jurors submitted, each juror wrote on a slip of paper the amount of damages he deemed proper. These amounts when totalled and divided by the number of jurors participating coincide with the exact sum returned by the verdict. Affidavits of three of the jurors declare that there was no agreement between the jurors or any of them that, prior to the average being found, any juror would be bound thereby or that the average arrived at should constitute the verdict; that, on the first ballot, 10–2, it was determined that respondent was entitled to damages, whereupon, after further consideration and discussion, a ballot was taken, each juror writing upon a slip of paper a sum to which he thought respondent entitled; that the amount of damages was again discussed and it was proposed to vote on a sum to be arrived at by dividing the aggregate amount by twelve; that the resulting quotient of $650 was then discussed and a vote taken as to whether the verdict should be for $650 or not, ten finally voting ''yes'' and two ''no.''

In the presence of such circumstances, there is no room for a chance verdict. "The *vitiating fact* is the agreement in advance to abide by the result." (Thompson on Trials, sec. 2602.) This principle has been settled in this jurisdiction. (*Beakley v. Optimist Printing Co.*, 28 Ida. 67, 152 Pac. 212; *Newman v. Great Shoshone Power Co.*, 28 Ida. 764, 156 Pac. 111; *Cochran v. Gritman*, 34 Ida. 654, 203 Pac. 289.)

No error. Judgment affirmed; costs to respondent.

Budge, Givens, Varian and McNaughton, JJ., concur.