(No. 5718.  January 21, 1932.)

CHESTER D. PIPHER, Respondent, v. L. N. B. CAR-
PENTER, Appellant.

[7 Pac. (2d) 589.]

Fisher & Coffin, for Appellant.

M. H. Eustace, for Respondent.

GIVENS, J.—Respondent's first complaint alleged in effect that about 5 o'clock P. M., December 21, 1929, respondent driving an automobile west on Third Street South, turned at the intersection of Third Street South and Seventh Avenue in Nampa, to the left, to drive south on Seventh Avenue, and at such intersection was run into by an automobile driven at a negligently excessive rate of speed east on Third Street, by appellant, damaging respondent and his automobile.

A general demurrer was interposed. Before it was passed on, respondent filed an amended complaint substantially the same as the first, with added allegations as to appellant's handling his automobile, its position in the lanes of traffic, and respondent's obscured view of the same before the accident.

Appellant demurred and moved to strike on the ground that these additions were inconsistent with the first com-

plaint. The additions merely more definitely detailed the maneuvering of appellant's car immediately prior to the accident, and neither changed the cause of action nor were contradictory of, or inconsistent with, the first complaint. (*Hoy v. Anderson*, 39 Ida. 430, 227 Pac. 1058.)

There was no error in the trial court's refusing appellant's first requested instruction, because the phase of the controversy to which it was addressed, was fully, clearly, and properly covered by instructions Nos. 12, 13, 14 and 15, as given.

Appellant's main point is that respondent's evidence conclusively shows him to have been guilty of contributory negligence because he cut the corner at the intersection; that is, did not pass west of the center of the intersection of the two streets before turning south, contrary to 1927 Sess. Laws, chap. 260, p. 489.

Appellant did not plead in his affirmative defense that respondent cut the corner or did not proceed west of the center of the intersection before turning south, but seeks to excuse such failure, conceding otherwise the necessity thereof, by urging that the complaints alleged, and respondent's testimony conclusively proved, contributory negligence; hence, obviating the necessity of the answer pleading it, citing *Goure v. Storey*, 17 Ida. 352, 105 Pac. 794.

Granting the rule, it does not, as to the pleadings, avail appellant, because the complaint does not allege that respondent turned south, east of the center of the intersection.

Under the rule of the Goure case, *supra*, and the law generally applicable to contributory negligence, if the respondent's own case so conclusively shows contributory negligence that reasonable minds could not differ thereon, he may not recover, and defendant may take advantage of such situation without having plead contributory negligence. (*Stanger v. Hunter*, 49 Ida. 723, 291 Pac. 1060; *Polly v. Oregon Short Line R. Co., ante,* p. 453, 6 Pac. (2d) 478, filed December 19, 1931.) If, however, from the testimony, reasonable minds might differ as to whether he was guilty of

contributory negligence, proximately causing the accident, a question for the jury is presented. (*Wheeler v. Oregon R. & Nav. Co.,* 16 Ida. 375, at 403, 102 Pac. 347; *Osier v. Consumers' Co.,* 42 Ida. 789, 248 Pac. 438; *Brixey v. Craig,* 49 Ida. 319, 288 Pac. 152; *Hamilton v. Carpenter,* 49 Ida. 629, 290 Pac. 724; *Houston & T. C. R. Co. v. Harris,* 103 Tex. 422, 128 S. W. 897; *Conway v. Salt Lake & O. Ry. Co.,* 47 Utah, 510, 155 Pac. 339, L. R. A. 1916D, 1109; *Dahlquist v. Denver & R. G. R. Co.,* 52 Utah, 438, 174 Pac. 833; 45 C. J. 1180, 1181, 1273.)

A careful perusal of all the evidence produced by respondent, and comparative analysis thereof with the physical circumstances of the accident, positions of the occupants and the cars after the accident, at most merely present a situation which the jury, under instructions, which as to those given, are not questioned by appellant, resolved in respondent's favor, and the motion for nonsuit was properly denied. (*Knauf v. Dover Lumber Co.,* 20 Ida. 773, 120 Pac. 157.)

As to the fifth assignment of error, the trial court did not strike any testimony as to respondent offering to pay damages; hence, no improper ruling.

Judgment affirmed; costs to respondent.

Lee, C. J., and Budge, Varian and Leeper, JJ., concur.