206 P.2d 264

**PEARSON v. CITY OF WEISER.**

No. 7429.

Supreme Court of Idaho.

May 12, 1949.

George Donart, of Weiser, and Herman Welker, of Payette, for respondent.

J. F. Martin, of Boise, for appellant.

BAKER, District Judge.

The defendant, City of Weiser, has appealed from adverse judgment entered upon verdict in plaintiff's suit to recover damages to his pickup truck and for personal injuries sustained by him all initiated by contact between his pickup truck and hole, which, it is alleged, defendant had negligently permitted to remain in the paved street upon which plaintiff was traveling.

In his complaint plaintiff alleged, in effect, that for several weeks prior to April 1, 1946, the defendant city had knowingly permitted the pavement on the southerly side of West Commercial Street in the defendant city to remain broken and unrepaired resulting in hole of substantial dimensions in the lane of east-bound traffic on said street; that on said day he was driving his pickup truck in an easterly direction along said street at a speed of approximately fifteen miles per hour, was following "in reasonably close proximity" another vehicle proceeding in the same direction and, as he approached the hole in the pavement, met another vehicle traveling in the opposite direction on its own side but near the center line of the street; that his "attention was distracted" by the two vehicles and by reason of such distraction he was not able "by the use of ordinary diligence and power of observation" to avoid the hole in the street. He alleged that one wheel of the truck dropped into the hole causing the vehicle to swerve and to collide with a tree adjacent to the street resulting in the destruction of the truck and severe injuries to his person.

The defendant filed its general demurrer and in support urged that the complaint affirmatively disclosed contributory negligence of plaintiff precluding recovery. The demurrer was overruled. The action of the trial court in that respect will be noticed.

The answer of the defendant, either by express admissions or affirmative allegations, tendered no issue urged in this court as to the existence of the hole in the pavement or that plaintiff's truck hit it or subsequently collided with the tree or that some damage to the truck and injuries to the person of the plaintiff were sustained. The substantial issue results from defendant's allegations that the plaintiff was a frequent traveler over the street, was aware of the existence of the hole, that he drove "without paying any attention whatsoever to where he was going or driving" and, without having his truck under control, permitted it to hit the hole and that any damage to property or injuries to plaintiff's person were proximately caused by his conduct.

No witness, other than plaintiff, testified as to any matter directly connected with the accident. His testimony disclosed that on the date of the accident he was of the age of 75 years, was engaged in farming and stockraising, had resided in the vicinity of Weiser for approximately 60 years and near its westerly boundary for the past three or four years; that during that time it had been his practice to pass over West Commercial Street two or three times per week, usually in his motor vehicle but occasionally on foot; that he had noticed the hole in the pavement for several weeks "had been dodging it all winter", had stopped and examined it and knew it was dangerous. He testified that during the forenoon of April 1, 1946, a clear, dry day, he came to Weiser in his truck; that

he was traveling on West Commercial Street at a speed of from 15 to 18 miles per hour, was following, at a distance of some 50 to 60 feet, a vehicle proceeding in the same direction and being operated in the usual and ordinary way; that when he reached the hole he was approaching a street intersection, also a driveway, and was about to meet a vehicle, traveling in the opposite direction, on its own side of the street but "hugging the center line"; that he was watching the intersection, the driveway, the car ahead and the car approaching and did not observe the hole until within some 10 feet of it; that he had no time to apply his brakes and no opportunity to avoid the hole, at one time saying "In order to keep from running into this other car that was approaching, I had to run into a big hole there in the pavement" and at another "Well, I had to take my choice between running into this other car or taking the hole, and I took the hole". When his truck hit the hole, it pulled a tire, got beyond his control, and then hit a tree located, by testimony of a witness for the defendant, some 84 feet from the hole. The evidence does not disclose how the driver of the vehicle ahead of plaintiff avoided the hole or injury or why the action of the operator of that vehicle in avoiding the hole or in driving in and out of it did not direct plaintiff's attention to the hole.

At the conclusion of proof on behalf of the plaintiff, the defendant moved for judgment of nonsuit solely upon the ground that the evidence of the plaintiff disclosed his own contributory negligence. The trial court, evidently deeming his order on the demurrer to be a definite commitment on the subject of contributory negligence, denied the motion. It was renewed as a motion for directed verdict when both parties rested.

As the above statement would indicate, there is no contention by appellant, at least none seriously urged, that the evidence is insufficient to sustain the findings implied from the jury's verdict that a defective condition had negligently been permitted to remain in the street and that it was the proximate cause of the injuries to the plaintiff and his property. All assignments of error deal with some phase of the question of contributory negligence, repeatedly and consistently advanced by the appellant, all relate to its position that, despite its own negligence, the accident would not have occurred without contribution thereto by the plaintiff through the negligent operation by him of his truck.

Appellant first contends that the court did not by instructions detail or point out to the jury the wrongful or negligent acts relied upon by respondent and the jury was therefore left to guess and to speculate. The court did not summarize the allegations in the pleadings or define the issues. By agreement of counsel the pleadings were delivered to the jury in lieu of statement by the court of the matters in controversy. In preliminary statement the court

informed the jury that: "They (the pleadings) are given to you only for the purpose of advising you concerning what the respective parties claim to be the facts and their use by you should be limited to that purpose."

By instruction No. 1, which was evidently taken from the case of Curtis v. Ficken, 52 Idaho 426, 16 P.2d 977, the court said in part: "The plaintiff claims that defendant was negligent and sets forth in the complaint the several particulars in which he claims that defendant was negligent,—It is not necessary for the plaintiff to prove *all* these particular acts of negligence so alleged, but it is necessary that plaintiff establish by a preponderance of the evidence that the defendant was negligent in at least *one* of the particulars set forth in his complaint or he cannot recover." (emphasis added to be noticed later)

Pleadings are addressed to the court and are prepared with a view of forming issues, not of stating created issues, or for the purpose, briefly and accurately, of informing the triers of fact of the fixed controversies between the parties. Jurors, unacquainted with the office of pleadings, are unable to determine from reading them what allegations are material or essential, what are merely formal or what are of fact or what are of law or to assign to each its proper place in the case or its relative importance and are unable, by reading the complaint and answer, including affirmative defenses and cross-complaint, if there be one, and answer to it, to determine precisely what questions are in dispute. Relatively unimportant but attractively worked allegations may be accorded an importance out of proportion to their true value. The preparation by the court of an accurate narrative statement of the issues is frequently a difficult task. The practice of submitting pleadings in lieu of summarization and definition of issues has but little to recommend it and is generally disapproved. 64 C.J. Sec. 610, pp. 701 et seq; 53 Am.Jur. Sec. 624, p. 487; 53 Am. Jur. Sec. 922, p. 660; 24 Cal.Jur. Sec. 91 p. 826.

However, the situation in which appellant finds itself was invited or at least accepted without exception or objection; the purpose of the agreement was to avoid and to render unnecessary the preparation of the narrative statement, of the absence of which it now complains.

But, waiving that question, it does not appear that the jury was required to speculate or was confused or that appellant was prejudiced. In the complaint the negligence charged to the defendant was stated clearly and briefly and without the use of unnecessary words of description, it being alleged simply that the defendant had been "negligent and careless in the proper maintenance" of said street; no charge was made of which no proof was offered; likewise, the answer was devoid of surplusage. The court, in summarization and definition, would have followed closely the allegations

of the pleadings. By instruction No. 8, the only instruction in which an attempt was made to detail conditions to recovery, the court informed the jury that it was the duty of the defendant "—to keep its streets in a reasonably safe condition for use by travelers in the usual modes of travel and that if you find that the plaintiff was injured by reason of the negligence of the City of Weiser to keep its streets in a reasonably safe condition for motor travel and that the negligence of the City of Weiser was the proximate cause of the plaintiff's injury then and in that event the City of Weiser would be liable to the plaintiff for such damages".

█ In our opinion this instruction sufficiently stated the negligence upon which respondent relied.

Appellant further insists that by the portion of instruction No. 1 hereinbefore quoted, to the legal accuracy of which it does not object, the jury was informed that recovery by plaintiff was warranted upon proof by him of *one* act of negligence while under instruction No. 2 it was placed under the burden of proving *all,* and nothing less than all, negligent acts charged against the respondent before the jury could find that the defense of contributory negligence had been established. The part of instruction No. 2 said to produce the result complained of is: "—the burden rests upon the plaintiff to prove by a preponderance of the evidence *all* the affirmative allegations of the complaint which are denied by the answer,

and the burden rests upon the defendant to prove by a preponderance of the evidence *all* the affirmative allegations of the answer. (Emphasis added.)

█ The record does not disclose whether either of said instructions was given at the request of the respondent or as stock or formal instruction. Instruction No. 2, while inaccurate in its requirement that both parties prove *all* controverted affirmative allegations, is impartial. It follows closely the instruction usually given in civil actions where affirmative defenses are pleaded and it is fair to assume it was a stock instruction.

It is, of course, conceded that neither party is required to prove more than sufficient to establish his cause or his defense. Proof by the plaintiff of one pleaded act of negligence and that it was proximate cause of the injury warrants recovery and proof by the defendant of one pleaded act of the plaintiff and that it contributed to his injury establishes a defense and precludes recovery. If appellant had requested the court to give an instruction as favorable to it as instruction No. 1 was to respondent, it would undoubtedly have been given.

Appellant contends that the portion of instruction No. 2 above quoted and instruction No. 7 that: "You are instructed that in this state contributory negligence is a defense, the burden of proving which rests upon the defendants, and it is not incumbent upon the plaintiffs to establish affirmatively that they were free from negli-

gence" were erroneous in that they required appellant, unqualifiedly and unconditionally and by proof submitted by it, to sustain the burden of establishing the defense of contributory negligence pleaded by it and denied to it the benefit of the evidence of such negligence produced by respondent. The wording of instruction No. 7 indicates that it, too, was a stock instruction, one which the court by habit gave in damage actions where contributory negligence had been pleaded affirmatively by the defendant. The instruction is a correct statement of the law and in many, if not in most, cases is justified by the evidence.

■ While Section 5-816, I.C.A., upon which the instruction was founded, provides that contributory negligence is a matter of defense which the plaintiff is not required initially to negative either by pleading or proof, this court in the cases of Bryant v. Hill, 45 Idaho 662, 264 P. 869; Polly v. Oregon Short Line R. Co., 51 Idaho 453, 6 P.2d 478; Pipher v. Carpenter, 51 Idaho 548, 7 P.2d 589; Tendoy v. West, 51 Idaho 679, 9 P.2d 1026; Burns v. Getty, 53 Idaho 347, 24 P.2d 31 and Pittman v. Sather, 68 Idaho 29, 188 P.2d 600, has recognized and clearly stated the rule that proof of negligence on the part of plaintiff contributing to his injury constitutes a defense no matter when, how or by whom it is made to appear and that, while the burden of pleading and proving such negligence is upon the defendant, plaintiff's pleading, Goure v. Storey, 17 Idaho 352, 105 P. 794; Smith v. Oregon Short Line

R. Co., 47 Idaho 604, 277 P. 570 and Whiffin v. Union Pac. R. Co., 60 Idaho 141, 89 P.2d 540, or proof may relieve him.

Under the evidence in this case an instruction containing the qualifying condition would have been especially apt and, if requested, would, without doubt, have been given. All evidence of the facts immediately preceding and surrounding the accident came from the lips of respondent; if contributory negligence was established, directly or indirectly, it was by him; no evidence tending to establish his negligence was offered by witnesses called by appellant. By its motions for nonsuit and directed verdict appellant urged upon the court that respondent's own testimony had established his negligence contributing to his injury.

In Bryant v. Hill, supra [45 Idaho 662, 264 P. 870], this court said: "No doubt it is better, in a case where any inference of plaintiff's contributory negligence can be drawn from the evidence adduced by plaintiff, to instruct the jury that the burden is upon the defendant to prove contributory negligence, unless it appears from the evidence introduced by plaintiff."

In Pittman v. Sather, supra, appellant contended that the instructions denied to it the benefit of plaintiff's evidence in support of its defense of contributory negligence. In that case the trial court instructed generally on burden of proof in these words [68 Idaho 29, 188 P.2d 604]: "When we say the 'burden of proof' is on a party, we

do not mean that the one having the affirmative of a particular issue must by his own evidence alone sustain his burden of proof, but we simply mean that an excess of all the evidence in the case over the amount necessary to balance the scales, must be in favor of the one having the affirmative of a particular issue or issues to sustain before he is entitled to a verdict."

On the defense of contributory negligence the court in that case, Pittman v. Sather, supra, instructed in this positive and striking language: "In considering the claim of the defendants that the contributory negligence of the plaintiffs was responsible for the damage and injury, you must remember that the defendants bear the burden of establishing by preponderance of the evidence that the plaintiffs contributed by their own negligence to their injury in (and) damage. In other words, it is not the duty of the plaintiffs to disprove contributory negligence. It is the duty of the defendants to prove contributory negligence and contributory negligence, in order to be a defense to this action, must be established by the defendants by a preponderance of the evidence."

▇ In the cases of Bryant v. Hill, supra, and Pittman v. Sather, supra, the trial court by other instructions advised the jury that plaintiff was obliged to prove not only negligence of the appellant but that it was the proximate cause of his damage, also that one guilty of negligence which was also a proximate cause could not recover and

other general instructions which when all were considered were held sufficently to advise the jury of the modifying or qualifying rule and could not have understood that proof of contributory negligence must come solely from defendant's witnesses. In this case the court gave similar instructions and, at the request of appellant, informed the jury that if they believed "from the evidence in the case" that the plaintiff could "under all of the facts and circumstances" see or should have seen the hole in time to have avoided hitting it, and had the means at hand to do so, but did not, he would be guilty of contributory negligence. By other instructions the court pointed out in detail the care required of persons driving motor vehicles upon the streets and highways in this state. While it would have been better, as we stated in Bryant v. Hill, supra, to have included the modifying rule, especially so since *all* proof tending to establish contributory negligence came from repsondent, we cannot say the failure expressly to advise the jury that the appellant was not required to prove contributory negligence if respondent's evidence had established it was prejudicially erroneous.

The instruction was accurate but incomplete; it was of the character of which appellant can complain only when request for complete instruction had been made. The appellant in this case, like the appellant in Bryant v. Hill, supra, and Burns v. Getty, supra, and Pittman v. Sather, supra,

failed to request the court to give instruction modifying the statutory burden.

We are in accord with the statement made on oral argument by counsel for appellant that the controlling questions are: First, the legal accuracy of Instruction No. 9, and Second, whether the evidence establishes, as a matter of law, negligence of respondent contributing to his injury.

Instruction No. 9 reads:

"You are instructed that the fact that the plaintiff had previous knowledge of the existence of the hole in the pavement of the street and notwithstanding such previous knowledge drove his truck into said hole, does not *necessarily* constitute contributory negligence on the part of the plaintiff.

"You are further instructed that *temporary forgetfulness, inattenion or distraction do not generally constitute contributory negligence. When a person has exercised the care and caution which an ordinarily prudent person would have exercised under the same or similar circumstances, he is not negligent merely because he temporarily forgot or was inattentive to a known danger."* (Emphasis added).

The first paragraph of the instruction is not objectionable. It is not negligence *per se* for one to drive a motor vehicle upon a street or highway by him known to be merely defective. 42 C.J. 850; Toler v. Hawkins, 188 Okl. 58, 105 P.2d 1041; Walters v. City of Seattle, 97 Wash. 657, 167 P. 124; Sheffer v. Schmidt, 324 Mo. 1042, 26 S.W.2d 592. Knowledge of the defective condition of a public way requires one driving a motor vehicle thereon to exercise a care and caution commensurate with the known dangers, that is, requires him to exercise that care which an ordinarily prudent person would exercise under conditions then observable by or known to him. Vol. 5 Blashfield's Cyclopedia of Automobile Law and Practice, 5th Ed., §§ 3312, 3321, pages 441, 458; Michigan City v. Rudolph, 104 Ind.App. 643, 12 N.E.2d 970; Walters v. City of Seattle, supra; Evans v. Muscatine Bridge Corporation, 228 Iowa 811, 293 N.W. 470; Kendall v. City of Des Moines, 183 Iowa 866, 167 N.W. 684; Cullen v. Town of Littleton, 84 N.H. 373, 150 A. 809; Moffett v. State, 128 Misc. 156, 217 N.Y.S. 825.

Respondent alleged distracted attention as a reason for his failure to observe and avoid the hole in the pavement. His proof at least tended to support the allegation. There was no evidence that he merely forgot or was inattentive or indifferent to a condition known to him. The portion of the second paragraph of the instruction on forgetfulness and inattention was not warranted by the evidence, was inapplicable and for that reason alone should not have been given. Pittman v. Sather, supra.

The decision of this court in the case of Call v. City of Burley, 57 Idaho 58, 62 P.2d 101, 106, condemns the instruction so far as it deals with distraction or diverted attention. In that case the plaintiff had no

previous knowledge of a condition in the street rendering it unsafe and did not observe the danger until too late to avoid it. "Diverted attention," in an effort to locate a residence, was relied upon to excuse failure to observe. On the questions of care required and the sufficency of the diverting cause the court instructed the jury: "* * * that when a person has exercised the care and caution which an ordinarily prudent person would have exercised, he is not negligent, merely *because his attention was temporarily attracted from the surface of the road,* * * *." (Emphasis added by the court.)

Of the instruction we said:

"This instruction was obviously erroneous. We have italicized the objectionable part thereof.

"As we have before seen, there are circumstances under which a driver is justified in turning his attention from the roadway temporarily, but that is not a general rule that is applicable to all instances of diverted attention. It is consequently a contradiction of terms to say that 'when a person has exercised the care and caution which an ordinarily prudent person would have exercised,' he is not negligent, 'merely because his attention is temporarily attracted from the surface of the road,' for the reason that there are instances in which he could not act as 'an ordinarily prudent person,' and at the same time temporarily 'turn his attention from the road.' The cause or reason for his distracted attention

might be a controlling circumstance in determining whether or not he acted as a prudent person: and so also might the condition of the road, or the place where he was driving, play an important part therein."

■ The conduct of the injured party is to be determined by its conformity to or departure from what "an ordinarily prudent and careful man" would have done or would not have failed to do under all the circumstances and conditions then existing. The sufficiency of the diverting cause is to be tested by its effect upon the same prudent and careful man. These are questions for the jury except in those rare instances where reasonable minds cannot differ.

Especially appropriate to the second paragraph of instruction No. 9 in this case is the language of this court in the Call case that: "This instruction settled the question of contributory negligence as a matter of law and told the jury that this conduct (forgetfulness, inattention or distraction) would not subject the driver * * * to the charge of contributory negligence."

Instruction No. 9 did more than that. It informed the jury that mere forgetfulness, inattention or distraction from any cause would relieve the driver from the charge; it amounted to a positive instruction that the affirmative defenses pleaded were without merit.

The instruction conflicted with instruction Nos. 10, 11, 12 and 13, given at the request of appellant, setting forth specific

264

duties imposed upon the operators of motor vehicles.

The second paragraph of the instruction was copied from the opinion of this court in Butland v. City of Caldwell, 51 Idaho 483, 6 P.2d 493, one of the "sidewalk" cases dealing with the degree of care required of a pedestrian in his use of sidewalks. Our failure to consider the contention of the appellant that the second paragraph of the instruction involves and states a direct contradiction must not be regarded as the approval by this court of an instruction that one may forget or be inattentive or indifferent to a known danger sufficient to produce injury and at the same time be driving his motor vehicle in the manner of an ordinarily prudent and careful man.

The question of whether the facts disclose the guilt of respondent of contributory negligence as a matter of law is very close. This case is to be distinguished from those where there were no circumstances tending to distract or divert attention. The questions are whether the car ahead of respondent, although traveling in a normal manner, the car approaching, although on its own side of, but crowding the center of the street, the driveway and the intersection near the hole in the pavement were sufficient to divert the attention of an ordinarily prudent and careful person and whether respondent, under all conditions then existing and observable to or known by him, drove his truck in manner prohibited by law or different from that in which the same prudent and careful man would then have operated his truck. In answering these questions precedent has but little value. Our difficulty in reaching a decision satisfactory to ourselves, of itself, points to the conclusion that minds might differ and the questions are therefore of fact for determination by the jury. It follows the court did not err in overruling appellant's motions for nonsuit and directed verdict.

We conclude also that the complaint alleged, in effect, that the attention of an ordinarily prudent and careful driver would have been diverted by the conditions which respondent says diverted his attention and that the general demurrer to the complaint was properly overruled.

However, by reason of errors pointed out, the judgment appealed from is reversed and the cause is remanded for new trial. Costs awarded to appellant.

HOLDEN, C. J., GIVENS and PORTER, JJ., and GLENNON, Dist. J., concur.