* (No. 5619. Decided August 4, 1905.)

CHARLES J. PRIOR, *Respondent,* v. E. EGGERT, *Appellant.*[1]

MASTER AND SERVANT—NEGLIGENCE—DEFECTIVE SAW—EVIDENCE—SUFFICIENCY. There is sufficient evidence to sustain a finding of defendant's negligence where it appeared that the trim saw which plaintiff operated wobbled at times, and long prior to the accident had been warped, buckled, and otherwise injured, and was dangerous to use, and complaint had been made thereof.

SAME — CONTRIBUTORY NEGLIGENCE — BURDEN OF PROOF — INSTRUCTIONS. A charge that the defense of contributory negligence must be proved by defendant, by a preponderance of the evidence, is not objectionable as charging that it must be proved by defendant's evidence.

SAME—DAMAGES—INJURY CAUSING LOSS OF TIME—NO EVIDENCE OF VALUE OF TIME—INSTRUCTIONS—NECESSITY OF REQUEST. A charge allowing damages for loss of time during a disability occasioned by

[1] Reported in 81 Pac. 929.

the loss of a thumb, where the evidence showed incapacity to work for six weeks, but did not show the value of plaintiff's time, is not prejudicial error, where it appeared that the plaintiff was capable of and had been operating a trim saw for a living, especially in the absence of any request for different instructions.

DAMAGES—EXCESSIVE. A verdict for $830 damages for the loss of a thumb, cut off at the first joint, and for six weeks loss of time, is not excessive.

Appeal from a judgment of the superior court for Snohomish county, Denney, J., entered December 3, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by the operator of a saw in a mill. Affirmed.

*Cooley & Horan,* for appellant, to the point that it was error to charge the jury that they might consider the plaintiff's loss of time in the absence of any allegation or evidence of the value of his time, cited: *Eggleston v. Seattle,* 33 Wash. 671, 74 Pac. 806; *Howells v. North American Transp. & Trad. Co.,* 24 Wash. 689, 64 Pac. 786; *Britton v. Street R. Co.,* 90 Mich. 159, 51 N. W. 276; *Cousins v. Lake Shore etc. R. Co.,* 96 Mich. 386, 56 N. W. 14; *Reed v. Chicago etc. R. Co.,* 57 Iowa 23, 10 N. W. 285; *Nichols v. Dubuque etc. R. Co.,* 68 Iowa 732, 28 N. W. 44; *Winter v. Central Iowa R. Co.,* 74 Iowa 448, 38 N. W. 154; *Eckerd v. Chicago etc. R. Co.,* 70 Iowa 353, 30 N. W. 615; *Leeds v. Metropolitan Gas-Light Co.,* 90 N. Y. 26; *Staal v. Grand St. etc. R. Co.,* 107 N. Y. 625, 13 N. E. 624; *Page v. Delaware elc. Canal Co.,* 34 App. Div. 618, 54 N. Y. Supp. 442; *International etc. R. Co. v. Simcock,* 81 Tex. 503, 17 S. W. 47; *Galveston etc. R. Co. v. Thornsberry* (Tex.), 17 S. W. 521; *Texas etc. R. Co. v. Bigham* (Tex. Civ. App.), 30 S. W. 254; *Mellor v. Missouri Pac. R. Co.,* 105 Mo. 455, 16 S. W. 849, 10 L. R. A. 36; *Coontz v. Missouri Pac. R. Co.,* 115 Mo. 669, 22 S. W. 572; *Slaughter v. Metropolitan St. R. Co.,* 116 Mo. 269, 23 S. W. 760; *Duke v. Missouri Pac. R. Co.,* 99 Mo. 347, 12 S. W. 636; *Smith v. Chicago etc. R. Co.,* 108 Mo. 243,

18 S. W. 971; *Little Rock etc. R. Co. v. Barry,* 58 Ark. 198, 23 S. W. 1097, 25 L. R. A. 386; *Tomlinson v. Derby,* 43 Conn. 562.

*Robert A. Hulbert,* for respondent, contended, *inter alia,* that where the nature of the injury naturally causes loss of time, no specific allegation is necessary. *Treadwell v. Whittier,* 80 Cal. 574, 22 Pac. 266, 13 Am. St. 175, 5 L. R. A. 498; *Hoffman v. Franklin County,* 90 Iowa 185, 57 N. W. 703. Evidence that he was laid up six weeks cured any defect in the pleading. *Gallamore v. Olympia,* 34 Wash. 379, 75 Pac. 978. The amount of wages lost in the case of a common laborer need not be proved. Watson, Damages, § 487; *Loe v. Chicago etc. R. Co.,* 57 Mo. App. 350; *Feinstein v. Jacobs,* 37 N. Y. Supp. 345; *Murray v. Missouri Pac. R. Co.,* 101 Mo. 236, 13 S. W. 817, 20 Am. St. 601; *Chicago City R. Co. v. Hastings,* 136 Ill. 251, 26 N. E. 594. He was entitled at least to nominal damages. 8 Am. & Eng. Ency. Law (2d ed.), 555; Watson, Damages, § 18; *Leeds v. Metropolitan Gas-Light Co.,* 90 N. Y. 26; *Mabrey v. Cape Girardeau etc. Road Co.* (Mo. App.), 69 S. W. 394. Specific instructions should have been requested limiting the recovery to nominal damages. Watson, Damages, § 486; *Seitz v. Dry-Dock etc. R. Co.,* 10 N. Y. Supp. 1; *Niendorff v. Manhattan R. Co.,* 4 App. Div. 46, 38 N. Y. Supp. 690; *Feeney v. Long Island R. Co.,* 116 N. Y. 375, 22 N. E. 402, 5 L. R. A. 544; *Browning v. Wabash Western R. Co.,* 124 Mo. 55, 27 S. W. 644.

Root, J.—Respondent, a man twenty-seven years old, was employed by appellant in the operation of a trim saw in the latter's shingle mill, when his right thumb was cut off at the first joint. He had been using said saw about five weeks prior to the accident, and had worked but little about machinery theretofore. It was shown by the evidence that, for some time before the day of the accident, the saw that respondent was operating would at times "wobble" and run

improperly. On the day of the injury the saw was acting so badly that respondent complained thereof to the filer, who was charged with the duty of keeping the saw in proper condition, and the mill was stopped, and the saw taken out, examined, and filed by said filer. Respondent was not present while this was being done.

The saw having been filed and replaced and the mill started, respondent resumed his work, and was injured about two hours thereafter. He testifies that he supposed the saw had been repaired so as to run safely, and did not discover anything different until the accident occurred. He describes the occurrence in the following language: "Oh, we worked for perhaps two hours, or something like that, afterwards, and I had a block to be cut off, and all at once the saw wobbled and turned the block around and drew my hand right into the saw." This evidence was not disputed, although there was some evidence to show it unlikely that the accident so happened, and some tending to prove statements of respondent somewhat inconsistent with this version. Respondent recovered judgment in the sum of $830. A motion for a new trial was interposed and denied. From the judgment this appeal is taken.

It is urged by appellant that no negligence is established against him. Respondent and two or three of his witnesses testified to facts showing that the saw had, long prior to the accident, been warped, "buckled," and otherwise injured, and had been at times dangerous to use. Respondent's testimony, together with that of his witnesses as to the defective condition and dangerous action of the saw, was sufficient, if believed by the jury, to sustain a charge of negligence against appellant.

In his charge to the jury, the trial judge used the following expression, to wit: "The burden of proving contributory negligence is on the defendant, and it must be proved by defendant by a preponderance of the evidence." Appellant contends that the words, "by defendant," render

the instruction misleading; that the jury may have gathered the idea therefrom that this defense must be established by the evidence of defendant's witnesses only. We do not think this contention can be upheld. The trial judge did not say that the defense must be sustained by the evidence of defendant, or of his witnesses, but that it must be "proved by the preponderance of *the* evidence." This would clearly indicate a preponderance of *all* the evidence.

In the charge as to damages, the court, among others, gave the following instruction: "The elements entering into this damage, if he has sustained any, are as follows: (1) For all of his time during the period he was disabled by the injury." It is in evidence that respondent was incapacitated for work during a period of six weeks, but there is no evidence as to the value of his time or as to what he might have earned during said period, other than what might be inferred from the character of the work and respondent's age, experience, and capacity for labor, and from his evidence, wherein he said: "It was my business at that time, because I had to do something in order to live." The allegations of damage in the complaint are as follows:

"That by reason of said injury the said plaintiff has suffered the permanent loss of a portion of his right thumb, and has suffered great pain on account thereof; that plaintiff's right hand, by reason of the loss of a portion of his thumb, is permanently disabled and disfigured, to plaintiff's damage in the sum of $5,000 dollars; that the said plaintiff has expended the sum of twenty ($20) dollars for medical and surgical aid on account of said injury."

Appellant urges that these allegations and the evidence afford no justification for the instruction above set forth. We do not conceive this argument to be well founded. In the first place, the removal of a portion of the thumb is a permanent injury. The nature and extent of this maiming is not in dispute. It was therefore for the jury to say what damages respondent sustained by reason of such per-

manent injury. The jury could, and should, have taken into consideration the time already past and the future. While there was no evidence as to the amount of his earning capacity, it was in evidence that he was capable of running a trim saw, and that he was performing this work for a living. From this it conclusively followed that he suffered some damages by loss of time. As pain, suffering, and disfigurement were shown, and as a permanent injury was sustained which the evidence showed would interfere with operating a saw, and with doing clerical work such as he had formerly done, it was for the jury to consider all of these matters in arriving at the amount of their award. We cannot say that any amount was allowed for the time he was disabled. We cannot say that anything more than nominal damages were allowed for that period—which would have been justifiable. It does not appear that appellant requested the trial court to give other or different instructions than those given. Had appellant believed that there was no evidence to sustain the instruction complained of, he could have requested the court so to instruct. Such would have been proper practice. *Eggleston v. Seattle,* 33 Wash. 671, 74 Pac. 806.

There is nothing to show that the jury allowed compensation for an element of damage as to which there was no evidence. There must, of course, be evidence to show the damages for which a verdict is rendered. But where, as in this case, the damages for several injurious results are alleged in one lump sum, and no request is made by defendant for a segregation, we cannot say that such an instruction as is here complained of, can be said to have been prejudicial—especially in the absence of any request for a different instruction. While the criticized instruction might be erroneous and prejudicial if the only damages alleged were for loss of time, and might not be proper in some other cases, yet under the allegations and circumstances found here, we cannot say that appellant was prejudiced by the giving thereof.

The fifth ground of the motion for new trial was as follows, to wit: "Because said verdict is excessive and appears to have been given under the influence of passion or prejudice." But little is said of this in appellant's brief. While the amount allowed by the jury is liberal, the majority here do not feel that the record is such as to justify this court in making a reduction.

The judgment of the superior court is affirmed.

MOUNT, C. J., CROW, RUDKIN, and FULLERTON, JJ., concur.