Points Decided.

(No. 4952. March 1, 1928.)

# D. T. S. BRYANT, Respondent, v. ROY HILL, Appellant.

[264 Pac. 869.]

NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—LAST CLEAR CHANCE—BURDEN OF PROOF—INSTRUCTIONS.

1. If defendant knew of plaintiff's peril, even though plaintiff was negligent in putting himself into the location he did with reference to defendant's threshing-machine, defendant was thereupon put to a degree of care commensurate with the then situation of the parties.

2. Though there was evidence justifying finding of contributory negligence of plaintiff in putting himself in a position of peril with reference to defendant's thresher, yet, such question and those of defendant's reasonable care under the circumstances being, under the evidence, questions for the jury, direction of verdict for defendant was properly refused.

3. Instruction that the burden of establishing contributory negligence was on defendant, without the qualification, unless such negligence appears from the evidence introduced by plaintiff, was not error, as the jury could not have been misled thereby, where other instructions stated that for plaintiff to recover the jury must find that defendant's negligence was the sole and proximate cause of the accident and that, if "the evidence" showed that it would have been avoided by exercise of ordinary care by plaintiff, and that he did not exercise such care, verdict should be for plaintiff, and that, if defendant's negligence was proved as a proximate cause plaintiff was entitled to recover, unless plaintiff's contributory negligence shall also be established by "the evidence."

4. If defendant desired an instruction on burden of proof as to contributory negligence, embodying modification of that given, so as to cover case, where such negligence appears from the evidence introduced by plaintiff, defendant should have proposed it.

5. Defendant, having pleaded contributory negligence and introduced evidence to support the allegation, is in no position to complain of unqualified instruction that defendant has the burden of proof to establish contributory negligence.

6.  Instruction requiring verdict for defendant, if plaintiff was injured when his horses were frightened on defendant turning the blower on his thresher, *held* properly refused, it ignoring the doctrine of last clear chance involved under the evidence.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. W. A. Babcock, Judge.

Action for damages. Judgment for plaintiff. *Affirmed.*

Bothwell & Chapman, for Appellant.

When plaintiff's own case presents evidence which unexplained makes out *prima facie* contributory negligence upon his part, there must be further evidence exculpating him or he cannot recover. (*Grant v. Chicago, M. & St. P. Ry. Co.* (Mont.), 252 Pac. 385.)

While contributory negligence is purely a defensive matter and must be pleaded and proved by the defendant, plaintiff relieves defendant of such burden, if plaintiff's evidence discloses, or if it may be fairly inferred from the circumstances, that plaintiff's own negligence proximately contributed to the injuries complained of. (*Louisville & N. R. Co. v. Williams*, 172 Ala. 560, 55 So. 218; *Virginia Iron, Coal & Coke Co. v. Perkey's Admr.*, 143 Va. 168, 130 S. E. 403; *Florida East Coast Ry. Co. v. Geiger*, 64 Fla. 282, 60 So. 753; *St. Louis, I. M. & S. Ry. Co. v. Wiggam*, 98 Ark. 259, 135 S. W. 889.)

An instruction advising the jury that the defendant having set up, by way of defense, contributory negligence, the

Publisher's Note.

1.  See 20 R. C. L. 138 et seq.

3.  Burden of proof as to contributory negligence, see notes in 28 Am. St. 563; 10 Ann. Cas. 4; 33 L. R. A., N. S., 1085. See, also, 20 R. C. L. 195.

Appeal and Error, 4 C. J., sec. 2621, p. 710, n. 41.
Negligence, 29 Cyc., p. 530, n. 15, p. 641, n. 22, p. 645, n. 48.
Trial, 38 Cyc., p. 1633, n. 12, p. 1750, n. 16.

burden is upon him to establish that fact by a preponderance of the evidence, without a further qualification that this burden is not upon the defendant in case such negligence appears from plaintiff's own evidence, is prejudicial error. (*Denver City Tramway Co. v. Gustafason*, 21 Colo. App. 478, 121 Pac. 1015; *Texas Traction Co. v. Wiley* (Tex. Civ. App.), 164 S. W. 1028.)

Porter & Witham, for Respondent.

Where the defendant is guilty of negligence and the plaintiff is guilty of contributory negligence, and there is a last clear chance on the part of the defendant to avoid the injury, then the defendant is liable, notwithstanding contributory negligence on the part of the plaintiff. (*Pilmer v. Boise Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Anderson v. Great Northern R. Co.*, 15 Ida. 513, 99 Pac. 91.)

All instructions must be construed together and taken as a whole. (*Carscallen v. Coeur d'Alene Co.*, 15 Ida. 444, 16 Ann. Cas. 879, 98 Pac. 622; *Hard v. Spokane International Ry. Co.*, 41 Ida. 285, 238 Pac. 891.)

BRINCK, Commissioner.—Plaintiff was a farm laborer employed by one Carlson. Defendant was the owner and operator of a bean-huller, and at the time this cause of action arose was operating his machine on the farm of said Carlson, threshing beans. Plaintiff was hauling the beans from the field to the threshing-machine. The machine had just been set, and threshing not begun, when plaintiff arrived at the machine with a load of beans, and drove his team and wagon up to the separator after the engine had started. Defendant signaled for the engine to be accelerated, and it was then discovered that the blower for removing the bean straw had not been placed in position, but was lying on top of the separator, and defendant immediately began to move the blower around to its proper position. In this operation, the blower passed directly over plaintiff and his wagon and team, ejecting, with great

force and noise, chaff and dust that was in it. The horses jumped, and plaintiff was thrown from his wagon to the ground, receiving injuries to recover damages for which he brings this action. The jury awarded plaintiff damages, and from judgment therefor defendant appeals.

[1, 2] The court refused appellant's request for an instruction directing a verdict for the defendant, and this ruling is the basis of the first assignment of error. Appellant contends that the evidence affirmatively shows that plaintiff's own negligence in driving his team next to the machine before the blower had been put in its proper place must defeat his recovery, and also contends that it is not shown that the movement of the blower caused the team to jump. As to the latter contention, the evidence was sufficient to support the theory that the noise and wind from the blower passing over the wagon and team, caused them to start up. As to plaintiff's own negligence, it is true the evidence was entirely sufficient to have justified a finding of contributory negligence; but even so, there is testimony to the effect that defendant saw plaintiff's position with reference to the machine before he commenced to turn the blower around, which would bring into operation the last clear chance doctrine. If the defendant knew of plaintiff's peril, even though plaintiff was negligent in putting himself into the location he did with reference to the machine, the defendant was thereupon put to a degree of care commensurate with the then situation of the parties. (*Short v. Boise Valley Traction Co.*, 38 Ida. 593, 225 Pac. 398; *Denbeigh v. Oregon-Washington R. & N. Co.*, 23 Ida. 663, 132 Pac. 112; *Rippetoe v. Feely*, 20 Ida. 619, 119 Pac. 465; *Anderson v. Great Northern Ry. Co.*, 15 Ida. 513, 99 Pac. 91; *Pilmer v. Boise Traction Co., Ltd.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254.) The question of plaintiff's negligence and of defendant's knowledge thereof, and of defendant's reasonable care under the circumstances, was properly submitted to the jury, and the court could not properly have directed a verdict for defendant.

[3–5] The second assignment of error is as to the following instruction given by the court:

"You are instructed, gentlemen, that the burden is upon the plaintiff in this case to establish the material allegations of his complaint by a preponderance of the evidence; the defendant, however, having set up, by way of defense in this action, contributory negligence, the burden is upon him to establish that fact by a preponderance of the evidence."

In this connection, defendant contends that the burden is not upon the defendant to establish contributory negligence if such contributory negligence be shown by the evidence introduced by plaintiff, and that the instruction given should have been qualified accordingly. No doubt it is better in a case where any inference of plaintiff's contributory negligence can be drawn from the evidence adduced by plaintiff to instruct the jury that the burden is upon the defendant to prove contributory negligence, unless it appears from the evidence introduced by plaintiff; but the court in other instructions properly defined negligence as applied to both parties, and told the jury that in order to find for the plaintiff they must find that the negligence of the defendant was the sole and proximate cause of the accident, and that if the evidence showed that the injury would have been avoided by the exercise of ordinary care by plaintiff, and that plaintiff did not exercise such care, the verdict should be for the defendant; and further told them that if defendant's negligence was proven as a proximate cause of the injury, plaintiff was entitled to recover, "unless it shall also have been established by the evidence that plaintiff was guilty of negligence which contributed directly or proximately in some manner or degree to the injury, in which case plaintiff may not recover." Other instructions were given to the same effect, and the jury could not have been misled by the instruction complained of; and such instruction, given in connection with others stating the correct rule, as was done in this case, has been frequently held to be no error. (*St. Louis, I. M. & S. Ry. Co. v. Wiggam,* 98 Ark. 259, 135 S. W. 889; *Indianapolis & St.*

*Louis R. Co. v. Horst,* 93 U. S. 291 (298), 23 L. ed. 898; *Froeming v. Stockton Electric R. Co.,* 171 Cal. 401, Ann. Cas. 1918B, 408, 153 Pac. 712; *Prior v. Eggert,* 39 Wash. 481, 81 Pac. 929.) If appellant desired an instruction embodying the particular modification of the general rule as to burden of proof, it should have been proposed. (*Froeming v. Stockton Electric R. Co., supra.*) And defendant, having not only alleged that plaintiff was guilty of contributory negligence, but having introduced evidence to support the allegation, is in no position to complain of the instruction as given. (*Tinkle v. St. Louis & S. F. R. Co.,* 212 Mo. 445, 110 S. W. 1086.)

[6] Appellant requested an instruction as follows:

"The court instructs the jury that where a danger is obvious or known a person is bound to use ordinary care to avoid it, and recovery cannot be had where the person injured by the exercise of ordinary care could have avoided the injury even though defendant was negligent. And in this case, should the jury believe from the evidence that defendant signaled the engineer to speed up the separator while the blower was in a carrying position on the top of the separator, and that plaintiff saw said blower in said position, or by the exercise of ordinary care could have seen said blower in said position, and that plaintiff knew, or by the exercise of ordinary care could have known that it would be necessary to remove the blower and revolve it to the back of the machine before threshing could be started, but that notwithstanding said fact plaintiff began pitching beans into the machine and gave no attention to his team, and that in revolving the blower the team was frightened and plaintiff thereupon fell from a load of beans and was injured; and should the jury further believe that by the exercise of ordinary care plaintiff could have avoided the injury, your verdict should be for the defendant."

The instruction requested should not have been given, because it takes no account of the doctrine of last clear chance. The facts recited in the request go only to plaintiff's negligence in placing himself in the position he did,

and the instruction, if given, would have in effect told the jury that if he was negligent in so doing, they must find for the defendant, although they believed the defendant saw him in that position and wilfully or negligently moved the blower so as to frighten the team and cause the injury.

We recommend that the judgment be affirmed.

Varian and Ensign, CC., concur.

PER CURIAM.—The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondent.