371 P.2d 15

**T. L. FEENY and Shirley M. Feeny, husband and wife, Plaintiffs-Respondents,**

**v.**

**William HANSON, Defendant-Appellant.**

No. 9016.

Supreme Court of Idaho.

April 25, 1962.

J. F. Martin, C. Ben Martin, Boise, for appellant.

238

Langroise & Sullivan, Boise, for respondents.

KNUDSON, Justice.

For approximately eight years appellant owned and operated a restaurant in Glenns Ferry, Elmore County, known as Hanson's Cafe. The front of the cafe, being the northerly end of the building, is approximately 42 feet wide and the main entrance is on the northwest corner. Adjacent to the building, along its northerly side, is a sidewalk 4 feet wide. 9 feet, 9 inches north

of said sidewalk, and parallel thereto, is a concrete island approximately 15 feet long and 31 inches wide, which is centered in front of the building. The concrete island was originally constructed as a base for gasoline pumps and is 13½ inches high at each end and 8 inches high throughout the middle 10 feet thereof. The pumps were removed several years prior to the appellant's occupancy of the property, leaving the concrete base. Appellant's property is bounded on the north by a sidewalk which is approximately 15 feet north of said island and the entire area north of the cafe is surfaced and used as a driveway and parking area for appellant's patrons.

During the evening of April 8, 1959 respondents parked their car, headed west, in the lane south of the island and 4 or 5 feet easterly thereof. Later that evening respondent Mrs. Feeny left the cafe via the main entrance, walked along the sidewalk next to the building and got into her car. Respondent turned on the lights and backed her car a few feet before going forward and turning to the right, until the right front wheel of her car struck the concrete island causing the steering wheel to turn and injure respondent's hand. This appeal is taken from the judgment for respondent and the order denying and overruling appellant's motion for judgment notwithstanding the verdict, also from an order denying appellant's motion to retax costs.

■ Appellant has assigned as error the giving of instructions numbered 4 and 11–A. Instruction No. 4 reads as follows:

"Plaintiffs in this action claim damages for personal injuries to Shirley M. Feeny alleged to have been suffered as a proximate result of negligence upon the part of defendant.

"Plaintiffs allege that defendant's conduct at the time and place in question was negligent in the following particulars, to-wit: In maintaining and permitting to remain in the parking and drivein area to defendant's restaurant, a large concrete obstruction, which was dangerous to defendant's patrons, without placing any warning or signs thereon and without having adequate lighting to make such obstruction visible at night.

"Defendant denies any negligence on his part, and alleges by way of affirmative defense that any injury or damage suffered by the plaintiffs were proximately caused as the result of negligence of the plaintiffs and not by any negligence on the part of the defendant."

By this instruction the court undertook to state the issues as framed by the pleadings. The statement regarding respondent's allegations of negligence on the part of appellant is correct, however, appellant com-

plains that the instruction does not state that such allegations are denied. Although appellant's denial could have been more specifically stated, the instruction is not misleading.

■ By instruction No. 11–A the jury is correctly instructed that the duty to keep the premises safe for an invitee extends to all portions of the premises which it is necessary and convenient for the invitee to visit or use in pursuing the course of business for which the invitation was extended and at which his presence should reasonably be anticipated or to which he is allowed to go.

■ Error is assigned to the court's refusal to give appellant's requested instructions numbered 2, 3, 4 and 5. Appellant argues that these requested instructions "covered in general the same idea, that is to say, that one driving an automobile into a stationary object which he could have seen, and nothing to prevent his seeing it had occurred, is guilty of negligence". Appellant contends that the court should have given at least one of them since the nearest the court came to instructing on the subject covered by said requested instructions is stated in instruction No. 12, which we quote:

"General human experience justifies the inference that when one looks in the direction of an object clearly visible, she sees it. When there is evidence to the effect that one did look, but did not see that which was in plain sight, if such evidence is altogether true, it follows that the person was negligently inattentive. However such evidence may not be altogether true.

"The person in question may not have looked or circumstances may have existed that prevented an object which otherwise would have been in plain sight from being so or that prevented the person in question, and would have prevented a person of ordinary prudence in the same situation, from reacting to his perceptions as she otherwise would have done.

"You must resolve the conflicts, if any, that exist in the evidence in respect to these matters, drawing such inferences as seem to you to be reasonable."

There is merit to appellant's contention. Instruction No. 12 is in part confusing and ambiguous.

Respondent Mrs. Feeny testified that upon leaving the cafe she walked easterly along the sidewalk next to the building to her car, then entered the car, turned on the headlights and backed her car a few feet before going forward and turning right until the car struck the concrete island. She also testified that while pursuing such course she at no time saw the island. In

view of such evidence appellant is clearly entitled to have the jury properly instructed as to respondent's duty in driving her automobile and to observe that which was in her path.

Under the law respondent was required to exercise the same degree of care that an ordinarily prudent person would exercise under the circumstances and she must see any object in her path which an ordinarily prudent driver under like circumstances would have seen. O'Connor v. Black, 80 Idaho 96, 326 P.2d 376; Stanger v. Hunter, 49 Idaho 723, 291 P. 1060; Shepard v. Smith, 74 Idaho 459, 263 P.2d 985. No instruction was given which in substance stated the foregoing mentioned rule notwithstanding appellant's request that the following proposed instruction be given, to-wit:

(Appellant's requested instruction No. 4)

"The Plaintiff Shirley M. Feeny is chargeable with driving her automobile in the same manner as a reasonably prudent person under the same or similar circumstances would have done *and nothing in the law will excuse her from not seeing that which was plainly visible and what she could have seen had she looked*. In other words, members of the jury, the question is this: Would a reasonably prudent automobile driver have driven his automobile into the concrete base under the same circumstances as they existed on the night of April 8, 1959, when Mrs. Feeny drove her automobile into this base? If your answer to this question is in the affirmative then she would not be guilty of negligence. On the other hand, if your answer to the question would be 'no' then Mrs. Feeny was guilty of such negligence as would defeat the Plaintiff's *act* (right) to recover in this case."

We do not approve that portion of said requested instruction which we have underscored. However, under the circumstances of this case said requested instruction should have been given after deleting the underscored portion thereof.

Contributory negligence was one of the principal issues involved and we conclude that it was reversible error not to properly instruct the jury regarding respondent's responsibility in driving her car and observing any object in her path at the time of the accident involved.

█ In this connection, since a new trial will be necessary, we consider it proper to call attention to the last paragraph of instruction No. 6, which provides:

"And the defendant has the burden of proving these issues: That the plaintiffs, or either of them, were negli-

gent and that such negligence was a proximate cause of any injury which plaintiffs may have sustained."

No evidence tending to establish respondent's negligence was offered by witnesses called by appellant; however, it is urged upon the court that respondent's own testimony had established her negligence contributing to her injury. This Court has clearly recognized and stated the rule to be that proof of negligence upon the part of plaintiff contributing to his injury constitutes a defense no matter when, how or by whom it is made to appear. Bryant v. Hill, 45 Idaho 662, 264 P. 869; Pipher v. Carpenter, 51 Idaho 548, 7 P.2d 589; Burns v. Getty, 53 Idaho 347, 24 P.2d 31; Pittman v. Sather, 68 Idaho 29, 188 P.2d 600. In Bryant v. Hill, supra, the Court said:

> "No doubt it is better, in a case where any inference of plaintiff's contributory negligence can be drawn from the evidence adduced by plaintiff, to instruct the jury that the burden is upon the defendant to prove contributory negligence, *unless it appears from the evidence introduced by plaintiff*." (Emphasis supplied)

See also Pearson v. City of Weiser, 69 Idaho 253, 206 P.2d 264; Shepard v. Smith, 74 Idaho 459, 263 P.2d 985; Bates v. Siebrand Bros. Circus & Carnival, 71 Idaho 318, 231 P.2d 747.

Assignments of error numbered II, III and IV, urge insufficiency of the evidence to support the judgment and error in refusing and denying appellant's motions for directed verdict and judgment notwithstanding the verdict. The position taken by appellant is that he was not negligent and that respondent was guilty of contributory negligence as a matter of law which contributed as a proximate cause to respondent's injury in that she failed to see that which was plainly visible. The question thus is whether there was, or was not, sufficient evidence of contributory negligence to warrant the court in taking the case from the jury. The evidence submitted is not conflicting.

Mrs. Feeny testified that to her knowledge the concrete island had been in the same place and condition for at least 15 years; that she had driven by it many times; that after coming out of the cafe on the occasion involved, and while walking to her car, her vision of the island was obstructed by a parked car; after getting into her car there was nothing to obstruct her view of the island except that she could not see it from the position she occupied in her own car; she knew the island was there but she "wasn't momentarily aware of it". There is no evidence or contention that her attention was distracted, however, in further explanation of the circumstances of the accident she testified as follows:

"Q. What, if anything, was there to obstruct your view of this concrete divider on the night you hit it?

"A. Nothing except my car, Mr. Martin.

"Q. Nothing so far as Mr. Hanson was concerned?

"A. Well there was nothing to remind me of it—."

In this connection it must be remembered that respondent alleged that appellant "negligently maintained and permitted to remain on said parking and drive-in area a large concrete obstruction which was dangerous to the persons and property of the patrons and customers of defendant using said parking drive-in area without placing any warning or other signs thereon and without having adequate lighting facilities so that said obstruction would be visible at night to anyone properly using said parking and drive-in area."

■■ The inference which stems from respondent's testimony above quoted is that if there had been warning or other signs on the island it would have reminded her of its existence. One of the principal issues in this case is whether appellant, under the circumstances existing at the time of the accident, was maintaining the premises involved in a reasonably safe condition and exercising reasonable care in protecting an invitee from injury. The fact that respondent had previous knowledge of the existence of the island and notwithstanding such knowledge drove her car into said structure does not necessarily constitute contributory negligence on her part. Respondent's conduct is to be determined by its conformity to or departure from what an ordinarily prudent and careful person would have done or would not have failed to do under all the circumstances and conditions then existing. Such questions are for the jury except in those rare instances where reasonable minds cannot differ. Pearson v. City of Weiser, supra.

In the trial court's decision and order denying appellant's motion for a judgment notwithstanding the verdict, it is stated that:

"I am further of the opinion that the jury could have reasonably found that a reasonably prudent restaurant owner would not have allowed an obstruction of the type here involved, to remain in an area in which he knew customers were constantly parking, and where he impliedly invited them to park."

It is clear that the trial court was of the view that the minds of reasonable men may honestly differ as to the proximate cause of respondent's injury. The rule uniformly followed by this Court is that:

"Where the evidence on material facts is conflicting, or where on undisputed facts reasonable and fair-minded men may differ as to the inferences and conclusions to be drawn, or where different conclusions might reasonably be reached by different minds, the question of negligence is one of fact to be submitted to the jury. Where upon all the facts and circumstances there is a reasonable chance or likelihood of the conclusions of reasonable men differing, the question is one for the jury." Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651; Call v. City of Burley, 57 Idaho 58, 62 P.2d 101; Denton v. City of Twin Falls, 54 Idaho 35, 28 P.2d 202; Carr v. Wallace Laundry Co., 31 Idaho 266, 170 P. 107; Fleenor v. Oregon Short Line R. Co., 16 Idaho 781, 102 P. 897.

The question of whether the facts disclose the guilt of respondent of contributory negligence as a matter of law is very close. Having in mind the rule above quoted, we conclude that the evidence here involved presents a question of fact on the issue of contributory negligence and was properly submitted to the jury for its determination.

■ Appellant contends that there is no evidence of negligence on his part; that the concrete island was a lane divider suitable and appropriate to a bus stop and was not an obstruction. What the structure is called does not determine if its maintenance upon the premises, under the conditions then existing did or did not create and constitute a dangerous condition on the premises. The issue as to whether such structure was an obstruction or that its maintenance was dangerous to the patrons of appellant was for the jury to decide. Likewise it was the province of the jury to determine if appellant, under the conditions then existing, was maintaining his premises in a reasonably safe condition and exercising reasonable care in protecting an invitee from injury. (Williamson v. Neitzel, 45 Idaho 39, 260 P. 689.) It follows that the court did not err in denying appellant's motion for a directed verdict and judgment notwithstanding the verdict.

■ Appellant claims error because the court, while making a ruling upon an objection, referred to the concrete island as "an obstruction". The court properly instructed the jury to disregard any expression of the court which seemed to indicate an opinion relating to any of the matters involved. We are satisfied that appellant was in no way prejudiced by the statement complained of.

■ Error is assigned to the court's action in denying appellant's motion to retax costs. Respondent subpoenaed two witnesses in anticipation of having them testify

to the fact that they each, while driving a car on former occasions, but under identical physical conditions and circumstances, struck the concrete island here involved. One of the witnesses was sworn and took the witness stand, but the court ruled that the offered testimony was inadmissible. The other witness was not sworn or called to the witness stand since the court announced that the ruling would be the same concerning any such offered evidence. In ruling upon the motion to retax the court stated:

"On the question of retaxing costs, I am of the opinion that witnesses were called in good faith and with a reasonable expectation that they could testify; that the Court in a matter which was basically discretionary disallowed the testimony. I therefore will deny defendant's motion to retax costs."

We have examined the showing made by respondent and conclude that such showing has brought respondent within the rule laid down by this Court in Bechtel v. Evans, 10 Idaho 147, 77 P. 212 and that no error was committed by the court's ruling.

By reason of the errors pointed out, the judgment appealed from is reversed and the cause remanded for new trial. Costs to appellant.

SMITH, C. J., and TAYLOR, McQUADE and McFADDEN, JJ., concur.