409 P.2d 430

**William J. STANBERRY and Edwin Stanberry, Plaintiffs-Appellants,**

**v.**

**GEM COUNTY, Idaho, a political sub-division of the State of Idaho, Al Smith, Defendants-Respondents.**

No. 9545.

Supreme Court of Idaho.

Dec. 29, 1965.

Louie Gorrono, Emmett, for respondents.

Smith & Miller, Caldwell, for appellants.

**McFADDEN, Justice.**

This action was instituted to recover general damages for injuries sustained by William J. Stanberry (a minor at the time of the accident involved herein, but who attained his majority during the course of this litigation), and for special damages sustained by Edwin Stanberry, the father of William J. Stanberry, for medical expenses incurred on behalf of his son and for damages to his (Edwin's) car.

The action arose out of a collision the night of August 17, 1960, between the 1949 Buick vehicle, owned by Edwin Stanberry, and operated by his son William, with a horse named Pepper, alleged to have been the property of Al Smith. The accident occurred about one-half mile west of the Gem County Fairgrounds on highway 16.

Gem County, one of the defendants, annually conducted a county fair at fairgrounds owned by it. On the evening of August 17, 1960, as a part of the activities at the fairgrounds, certain riding clubs participated in a parade. Roney Walthall, a member of a junior riding club, and a neighbor of defendant Al Smith's, participated in the parade, riding a horse called Pepper, which the evidence disclosed was owned by Roney Smith, Al Smith's son. The horse had been transported to the fairgrounds in a truck owned by Roney Smith, the owner of the horse.

Walthall had borrowed the horse from Roney Smith, who had given his consent that Walthall could ride and use the horse in various fairs throughout the area.

On the evening of the accident, after riding Pepper in the parade, Roney Walthall took the horse back to the truck and tied it to the truck by a rope attached to a halter on the horse, which rope was fastened to one of the truck's rear view mirrors. After tying the horse to the

truck, Walthall and Al Smith's daughter, LaVesta Smith, who had ridden in the truck carrying the horse to the fair, left the horse so tied and went to watch the evening rodeo. When they returned, the horse was gone, having escaped from its halter.

After its escape, the horse was observed by several witnesses on highway 16 which adjoins the fairgrounds. Two witnesses testified they saw the horse on the highway as they were driving westerly along it, and that they observed several motorists slow down and pull over to avoid hitting the horse. The horse continued on the highway until it collided with the Stanberry car. The horse was killed in the accident, and young Stanberry severely injured in the accident.

At the trial of the cause before a jury, the defendants moved for a judgment of dismissal at the close of the plaintiffs' case. The trial court granted the motion as to defendant Al Smith, but continued the action as to the defendant county. The jury returned a verdict in favor of the county, and this appeal resulted from the judgment entered on the verdict.

The plaintiffs assert that the trial court erred in dismissing the cause as to Al Smith, it being their contention that the evidence showed Al Smith to be the owner of the horse, and that under the theory of the cited cases (Shepard v. Smith, 74 Idaho 459, 263 P.2d 985; O'Connor v. Black, 80 Idaho 96, 326 P.2d 376) there arose an inference of negligence on the part of the owner of the horse; that by reason of such inference, the issue of the liability of defendant Smith should have been submitted to the jury.

■■ The record discloses that Roney Smith, not defendant Smith, actually owned the horse, but it further discloses that one of the plaintiffs' witnesses stated that she was acquainted with the horse involved in the collision, and that: "I recognized the animal being one of Mr. Smith's and I believe that it belonged to the boy who was a member of the Junior Riding Club." Edwin Stanberry testified that while he was at the hospital on the night of the accident, seeing about his son, defendant Smith was also there, and that: "Well, he [Smith] had told me that it was his horse—". At most this was only a scintilla of evidence as to ownership of the horse being in defendant Smith. Even if it be assumed there was substantial evidence disclosing defendant Smith was the owner, the evidence also disclosed that at the time of the accident the horse was not in his care, custody or control; the record further discloses no evidence of negligence on the part of defendant Smith which contributed to the accident. Roney Walthall had the loan and the use and was the bailee, of the horse. The cases relied upon

by the plaintiffs (Shepard v. Smith, supra, and O'Connor v. Black, supra) are not applicable when the facts disclose that the animal was not under the direct control of the owner or his agent. Generally, a bailor cannot be held responsible to a third person for injuries resulting from the bailee's alleged negligent use of the bailed property. 8 Am.Jur.2d 1144 Bailments, § 259. Annot: 19 A.L.R. 1168, § 10 at pg. 1194. The trial court properly dismissed the action as to defendant Smith.

 claim the court erred in giving an instruction on the issue of contributory negligence on the part of William J. Stanberry, a plaintiff, and the driver of the vehicle. In Maier v. Minidoka County Motor Co., 61 Idaho 642, 105 P.2d 1076, this court held that a motorist must "proceed at such rate of speed that he may be able ordinarily to stop short of an object appearing in the radius of his lights." In this cause, young Stanberry was driving along a highway at the nighttime. Another car with its lights on was following the horse as it was proceeding along the highway. Whether at the time of the accident Stanberry was operating his vehicle as a reasonably prudent person would have done, or whether he was driving at such speed or maintaining such lookout to see possible objects in the path of his vehicle as would a person of reasonable prudence, were issues of fact that were properly submitted to the jury under the facts and circumstances. Feeny v. Hanson, 84 Idaho 236, 371 P.2d 15; Drury v. Palmer, 84 Idaho 558, 375 P.2d 125; Bale v. Perryman, 85 Idaho 435, 380 P.2d 501.

 Plaintiffs also assign as error the giving by the court of an instruction on applicable speed limits and the basic rule as set forth by I.C. § 49–701. No error appears in the giving of this instruction, which advised the jury of the basic rule and that speed in excess of 55 miles per hour in the nighttime was prima facie evidence that the speed was not reasonable or prudent. The instruction given gave the law applicable to the operation of a motor vehicle together with applicable prima facie speed limits. Jones v. Talbot, 87 Idaho 498, 394 P.2d 316.

 Plaintiffs assign as error the refusal of the trial court to give their requested instructions Nos. 4, 5, 6, 10, and 11, pertaining to the principles of law governing the obligations of an owner or keeper of animals. At the time the jury was instructed on the law, defendant Smith had already been dismissed as a defendant. These instructions would only have been applicable to him. It being determined herein that the trial court did not err in the dismissal of the cause as to defendant Smith, there was no error committed by refusing to give these requested instructions.

■ Plaintiffs also assign as error the refusal of the trial court to give their requested instruction No. 15 as follows:

"You are instructed that if you find that ordinary prudence would have suggested to the county that by not providing adequate hitching facilities for the animals invited to participate in the show, and thereby causing animals to roam loose and create a hazard on the nearby public highway, then you are to find that the county has not exercised ordinary care and is liable for injuries caused by its failure to provide the proper facilities to contain the animals."

This requested instruction is based on an assumption that adequate hitching facilities were not furnished. The record does not justify such assumption. The requested instruction also overlooks the essential element of a finding by the jury of a causal relationship between negligence and the alleged injury. Furthermore the trial court gave a full and comprehensive instruction on the liability of counties in their conduct of fairs and fairgrounds and responsibilities to travellers on adjoining highways. There was no error in refusing to give this requested instruction.

■ Plaintiffs' remaining assignments of error deal with whether the trial court erred in refusing to grant their motion for a new trial, and whether the judgment was contrary to the law and the evidence. Considering these together, it must first be pointed out that the granting of or refusal to grant a motion for new trial is generally considered as a motion addressed to the sound legal discretion of the trial court.

"It is also well settled law in this state that the trial court possesses a discretion which should be exercised wisely in granting or refusing to grant new trials and that the appellate court will not reverse the trial court in the exercise of such discretion, unless it clearly appears to have been abused." Smith v. Big Lost River Irrigation District, 83 Idaho 374, at 391, 364 P. 2d 146, at 157.

The principal issues presented by plaintiffs' motion for a new trial have been covered by this opinion, and there appears to have been no abuse of discretion by the trial court in denying the motion.

The judgment is affirmed.

Costs to respondents.

McQUADE, C. J., and TAYLOR, SMITH and KNUDSON, JJ., concur.