June R. SOUTHARD, Plaintiff and Appellant,

v.

Marty HANSEN, Defendant and Appellee,

v.

K–MART CORPORATION, Third-Party Defendant and Appellee.

No. 14891

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1985.

Decided Oct. 30, 1985.

---

Robert F. LaFleur of LaFleur & LaFleur, and William Jason Groves, Rapid City, for plaintiff and appellant.

Thomas C. Barnett, Jr., of Kemnitz & Barnett, Philip, for defendant and appellee.

George Beal, Rapid City, for third-party defendant and appellee.

HENDERSON, Justice.

We trust that this will be the final saga in the case of the flying fish previously addressed by this Court in *Southard v. Hansen*, 342 N.W.2d 231 (S.D.1984). We refer to that opinion for the initial facts and procedural history of this litigation and find a complete recitation in this action to be unnecessary. We now have before us an appeal from an order granting summary judgment in this personal injury action and we, in all matters, affirm the trial court.

After the remand previously ordered, June R. Southard (Southard), plaintiff-appellant herein, filed an amended complaint which alleged the vicarious liability of Marty Hansen (Hansen), defendant-appellee, based on the negligent acts of his agent, the K-Mart Corporation (K-Mart), third-party defendant-appellee. Hansen answered and filed a third-party complaint against K-Mart for any damages he might owe to Southard. K-Mart answered and further discovery was conducted. Hansen and K-Mart both moved for summary judgment. The trial court granted summary judgment for Hansen against Southard's amended complaint and also granted K-Mart summary judgment against Hansen as third-party plaintiff. The trial court's rationale was that a bailment relationship existed between Hansen and K-Mart, not a principal-agent relationship, and thus K-Mart was exclusively responsible for the manner in which the fish was hung on the wall. Southard now appeals.

█ We are confronted with the issue as to whether the trial court erred when it determined that the legal relationship between Hansen and K-Mart was not that of a principal and agent. Our holding is simply that the trial court did not err and its decision that a bailment existed is sound. In so affirming the trial court, we note some basic facts.

Hansen delivered to K-Mart a sample of his work. K-Mart, after some prodding, hung it in its sports department. Hansen was not there when it was hung. Hansen did not direct where it was to be hung. Hansen did not direct how it was to be

hung. Hansen did not pay K-Mart and K-Mart did not pay Hansen. Neither K-Mart nor Hansen was interested in the other's separate and distinct business. Merely because a K-Mart employee stated that he would have been willing to follow Hansen's directions and that he was acting as Hansen's agent when he hung the fish, does not create the legal relationship of principal and agent.

"Agency is the representation of one called the principal by another called the agent in dealing with third persons." SDCL 59–1–1. Whether an agency relationship is created "depends upon the existence of required factual elements: The manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking, and the understanding of the parties that the principal is to be in control of the undertaking." *Kasselder v. Kapperman*, 316 N.W.2d 628, 630 (S.D.1982). *See also, Watkins Co. v. Dutt*, 84 S.D. 453, 457, 173 N.W.2d 41, 43 (1969); and *Buck v. Nash-Finch Co.*, 78 S.D. 334, 343–44, 102 N.W.2d 84, 89 (1960). Ostensible agency may be created, however, "when by conduct or want of ordinary care the principal causes a third person to believe another, who is not actually appointed, to be his agent." SDCL 59–1–5.

In the case at bar, none of the required factual elements exist. K-Mart did not deal with third persons for Hansen. Hansen did not manifest that K-Mart should act for him. K-Mart did not accept such an undertaking. K-Mart and Hansen did not have such an understanding and Hansen's conduct did not cause Southard to believe K-Mart was Hansen's agent. The legal relationship between Hansen and K-Mart, as the trial court so held, was that of bailor and bailee. Hansen gave K-Mart a stuffed fish to hang in K-Mart's sporting goods department. Hansen, as bailor, was the true owner and K-Mart, as bailee, had lawful possession good against the entire world except Hansen. In *Mimick v. Beatrice Foods Co.*, 167 Neb. 470, 476, 93 N.W.2d 627, 631 (1958), our sister state reflected: "The universal general rule is

that a bailor is not liable to third persons for their injuries resulting from the bailee's negligent use of the property bailed." (Citing *McWilliams v. Griffin*, 132 Neb. 753, 273 N.W. 209, 110 A.L.R. 1039 (1937); and 8 C.J.S. *Bailments* § 40.) It is the general rule that liability for injuries resulting from the use of bailed property "ordinarily falls on the bailee rather than the bailor, whose responsibility generally terminates with his relinquishment of control over it." 8 Am.Jur.2d *Bailments* § 274, at 1005 (1980). *See also, Rigby v. Suburban Rendco, Inc.*, 548 F.Supp. 202, 206 (D.Del. 1982); *Stanberry v. Gem County*, 90 Idaho 222, 224, 409 P.2d 430, 432 (1965); *Rankin v. Blue Grass Boys Ranch, Inc.*, 469 S.W.2d 767, 775–76 (Ky.1971); *Blair v. Boggs*, 265 S.W.2d 795, 796 (Ky.1954); *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 753, 325 S.E.2d 223, 226–27 (1985); *Oklahoma Publishing Co. v. Autry*, 463 P.2d 334, 337 (Okla.1969); *Young v. Lamson*, 121 Vt. 474, 476, 160 A.2d 873, 875 (1960); *Vacca v. Steer, Inc.*, 73 Wash.2d 892, 895, 441 P.2d 523, 525–26 (1968); *Hammerbeck v. Hubbard*, 42 Wash.2d 204, 211, 254 P.2d 479, 484 (1953).

It is to be noted that Southard collected from K-Mart circa $22,627.50 in worker's compensation benefits and medical expense reimbursements and proceeded against Hansen. Further, we note the exclusivity of remedy provision in SDCL 62–3–2. *See Southard*, 342 N.W.2d at 233.

Therefore, the trial court's summary judgment is not in error and we affirm.

All the Justices concur.

WUEST and HERTZ, Circuit Judges, Acting as Supreme Court Justices, participating.